# EXHIBIT A

```
                   3RD DISTRICT COURT - SALT LAKE
                 SALT LAKE COUNTY, STATE OF UTAH


          ALEX TAYLOR vs.  NATIONAL COLLEGIATE STUDENT LO
   CASE NUMBER 180908922 Intentional Tort
```
_____

```
CURRENT ASSIGNED JUDGE
        JAMES GARDNER

PARTIES
        Plaintiff - ALEX TAYLOR
        Represented by: RONALD W ADY
        Plaintiff - YELI TAYLOR
        Represented by: RONALD W ADY
        Defendant -  NATIONAL COLLEGIATE STUDENT LO
        Represented by: GEORGE W BURBIDGE II
        Defendant -  TRANSWORLD SYSTEMS INC
        Defendant -  EGS FINANCIAL CARE INC
        Formerly Known As -  NCO FINANCIAL SYSTEMS (EGS FINANCIAL CARE
        INC)


ACCOUNT SUMMARY
        TOTAL REVENUE  Amount Due:         610.00
                       Amount Paid:        610.00
                            Credit:          0.00
                           Balance:          0.00
        REVENUE DETAIL - TYPE: COMPLAINT 10K-MORE
                       Amount Due:         360.00
                       Amount Paid:        360.00
                    Amount Credit:           0.00
                          Balance:           0.00
        REVENUE DETAIL - TYPE: JURY DEMAND - CIVIL
                       Amount Due:         250.00
                       Amount Paid:        250.00
                    Amount Credit:           0.00
                          Balance:           0.00

PROCEEDINGS
11-26-18 Filed: Complaint
11-26-18 Case filed
Printed: 02/21/19 08:46:05        Page 1
```

CASE NUMBER 180908922 Intentional Tort

---

```
11-26-18 Fee Account created      Total Due:      360.00
11-26-18 Fee Account created      Total Due:      250.00
11-26-18 COMPLAINT 10K-MORE       Payment Received:      360.00
11-26-18 Judge JAMES GARDNER assigned.
11-26-18 JURY DEMAND - CIVIL      Payment Received:      250.00
11-26-18 Note: discovery tier set to 3
11-26-18 Filed: Return of Electronic Notification
01-22-19 Filed: Amended Complaint
01-22-19 Filed: Return of Electronic Notification
02-12-19 Filed: Motion Ex Parte Motion for Extension of Time to Plead
         Filed by: NATIONAL COLLEGIATE STUDENT LO,
02-12-19 Filed: Order (Proposed) Order Regarding Ex Parte Motion for
         Extension of Time
02-12-19 Filed: Return of Electronic Notification
02-13-19 Note: Efiled order sent to judge
02-14-19 Filed order: Order Regarding Ex Parte Motion for Extension of
         Time
               Judge JAMES GARDNER
               Signed February 14, 2019
02-14-19 Filed: Return of Electronic Notification
```



# Notice of Service of Process

null / ALL
**Transmittal Number: 19254454**
**Date Processed: 01/22/2019**

| | |
|---|---|
| **Primary Contact:** | Danielle Evans<br>Expert Global Solutions, Inc.<br>6652 Pinecrest Dr<br>Ste 300<br>Plano, TX 75024-2942 |
| **Electronic copy provided to:** | Luanne Zolczynski |
| **Entity:** | EGS Financial Care, Inc.<br>Entity ID Number 3635766 |
| **Entity Served:** | Egs Financial Care, Inc. fka NCO Financial Systems, Inc. |
| **Title of Action:** | Alex Taylor vs. National Collegiate Student Loan Trust 2007-1 |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Salt Lake County District Court, UT |
| **Case/Reference No:** | 80908922 |
| **Jurisdiction Served:** | Utah |
| **Date Served on CSC:** | 01/22/2019 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ronald Ady<br>801-530-3122 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

RONALD ADY (USB 3694)
RONALD ADY, PLLC
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiffs

Date 22 ~an.19  Time 12:56 P
R/B 15 N So. Temple # 101
Upon Karla Luing - agent
O'son Madsen
~Deputy~ - Private Investigator - Process Server
Salt Lake County Constable, Bob Reitz
7026 Commerce Park Dr. #101, Midvale, UT
(801) 255-5468

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| ALEX TAYLOR and NALLELY TAYLOR, | **SUMMONS** |
| Plaintiffs, | (21-day) |
| v. | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, TRANSWORLD SYSTEMS, INC., EGS FINANCIAL CARE, INC. fka NCO Financial Systems, Inc. and JOHN DOES 1 through X. | **Case No. 180908922**<br><br>Judge James Gardner<br><br>Tier III |
| Defendants. | |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANTS:

You are summoned and required to answer the attached complaint. Within

21 days after service of this summons, you must file your written answer with the

clerk of the court at the following address: Matheson Courthouse, 450 South State

St., P.O. Box 1860, Salt Lake City, UT 84114-1860, and you must mail or deliver a

copy to Plaintiff's attorneys at the address listed above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint. The complaint is on file with the clerk of the court.

DATED this 19th day of January, 2019.

RONALD ADY, Attorney for
Plaintiffs Alexander Taylor
and Nallely Taylor

RONALD ADY  (USB 3694)
RONALD ADY, PLLC
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiffs

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| ALEX TAYLOR and NALLELY TAYLOR,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, TRANSWORLD SYSTEMS, INC., EGS FINANCIAL CARE, INC. fka NCO Financial Systems, Inc. and DOES I through X.<br><br>    Defendants. | **AMENDED COMPLAINT FOR EQUITABLE RELIEF AND MONEY DAMAGES**<br><br>(Jury Trial)<br><br>**Case No. 180908922**<br><br>**Judge** James Gardner<br><br>Tier III |

Plaintiffs Alexander Taylor and Nallely Taylor, by and through counsel of record, complain of Defendants National Collegiate Student Loan Trust 2007-1, EGS Financial Care, Inc. fka NCO Financial Systems, Inc., Transworld Systems, Inc., Does I through X, and for cause of action against those defendants allege as follows.

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Alex Taylor is an individual residing in Salt Lake County.

2.    Plaintiff Nallely Taylor is an individual residing in Salt Lake County.

3.    In 2012 Plaintiffs became husband and wife.

4.    The Defendant National Collegiate Student Loan Trust 2007-1 (hereafter
NCSLT 2007-1) is a Delaware Statutory Trust, which was created on February 6, 2007
and which has as its registered agent in Delaware Wilmington Trust Company, Rodney
Square North, 1100 N. Market Street, Wilmington DE 19890.

5.    NCSLT 2007-1 is one of 15 such trusts established between 2001 and 2007
by First Marblehead Corp.

6.    Through its subsidiary National Collegiate Funding LLC, first Marblehead
Corp. purchased large portfolios of student loans originated by lenders like JP Morgan
Chase Bank, N.A., and those loans were then securitized into one of the National
Collegiate Student Loan Trusts (in the within action, NCSLT 2007-1), which then issued
asset-back securities to investors.

7.    According to its filings with the United States Securities and Exchange
Commission, as of January 31, 2007 NCSLT 2007-1 had loans with 272 Utah consumers

2

totaling $3,675,119.00.[1]

8.     A review of Xchange discloses that hundreds of cases have been filed in Utah Courts by National Collegiate Student Loan Trust entities. On information and belief, Plaintiff alleges that scores of these cases have been filed by the Defendant NCSLT 2007-1.

9.     Defendant EGS Financial Care, Inc. fka NCO Financial Systems, Inc. (hereafter NCO) is a Pennsylvania corporation that maintains offices at 400 Horsham Road, Suite 130, Horsham, Pennsylvania 19044. NCO does business in Utah and regularly attempts to collect debts in Utah alleged to be in default. NCO has as its registered agent in Utah Corporation Service Company, 15 West South Temple, Ste. 1701, Salt Lake City UT 84101.

10.     The Defendant Transworld Systems, Inc. (hereafter TSI) is a California corporation with its principal place of business at 500 Virginia Drive, Suite 514, Ft. Washington, Pennsylvania 19034. TSI is registered in the State of Utah as a collection agency, which regularly collects in Utah debts alleged to be in default, and which has as its registered agent CT Corporation System 1108 E. South Union Ave., Midvale UT 84047.

---

[1] *See* Prospectus Supplement, National Collegiate Student Loan Trust 2007-1 (March 3, 2007), https://www.sec.gov/Archives/edgar/data/1223029/000089968107000201/national-424b5_030207.htm (last visited November 14, 2018).

3

11.     On information and belief, at all times material to the Plaintiffs' claims in this action the Defendants NCO and TSI were wholly owned subsidiaries of the same legal entity, and TSI was the successor in interest to the defaulted student loan servicing formerly provided by NCO to NCSLT 2007-1,.

12.     The Defendant Does I through X are persons as yet unknown at NCO and TSI performing responsible for mandating the conduct by NCO and TSI for which Plaintiff complains in this lawsuit.

13.     National Collegiate Student Loan Trusts have no employees, meaning that NCSLT 2007-1 can, of itself, do nothing. Rather, it must act through other entities and on information and belief all of NCSLT 2007-1's collections conduct complained of in this pleading were or are actually performed by NCO, TSI or attorneys hired by them.

14.     At all times material to the Plaintiffs' claims in this action the Defendants NCO and TSI had contracted with the Defendant NCSLT 2007-1 (or its authorized agent) to service NCSLT 2007-1's post-default student loan accounts and did service those accounts.

15.     At all times material to the Plaintiffs' claims in the within action, the Defendants NCO or TSI represented themselves as acting for and on behalf of NCSLT 2007-1 in collecting, post-default, on student loans which it purported to own, including the student loan which is the subject of this action.

4

16.     This Court has jurisdiction of this action as provided for by *Utah Code Ann.* § 78A-5-102(1).

17.     Venue is proper in this Court pursuant to *Utah Code Ann.* § 78B-3-307.

18.     Discovery in the within action is governed by Tier III of the Rule 26 discovery standards.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

19.     In November and December of 2006 an identify thief, using the Plaintiff Alex Taylor's personal identifiers (including Plaintiff's Social Security number and date of birth) subscribed to a student loan with JP Morgan Chase Bank, N.A., apparently for the purpose of attending the University of Nevada Las Vegas from January 1, 2007 through May 1, 2007 (hereafter the student loan account or the fraudulent loan).

20.     On information and belief, pursuant to the terms of those loan documents the identity thief received or had disbursed on his behalf and for his direct and immediate benefit the  principal amount of $30,000.00.

21.     The Plaintiff Alex Taylor never subscribed to the student loan referred to in the preceding paragraphs, he has never resided in Las Vegas, he has never attended the University of Nevada Las Vegas, and he has never received any benefit (whether direct or indirect) from that fraudulent loan.

5

22.     At all times material to the Plaintiffs' claims in this action Alex Taylor was a resident of Sandy, Utah and employed by Reams grocery store at its Highland, Utah store.

23.     On or about March 18, 2014 NCSLT 2007-1, and American Education Services (AES), sent the Plaintiff Alex Taylor a letter advising that there was fraud or forgery associated with the student loan account.

24.     That same student loan account later was the subject of case no. 140415060 commenced in the Third District Court, State of Utah on October 15, 2014 naming Alex Taylor as the Defendant.

25.     Case no. 140415060 was commenced under the immediate direction and supervision of the Defendant NCO, acting as the default loan servicer for the Defendant NCSLT 2007-1, to collect from the Plaintiff Alex Taylor the amounts alleged to be due from him in that case.

26.     On or about November 1, 2014 the Defendant TSI succeeded NCO as the default loan servicer on the fraudulent loan.

27.     On January 27, 2015 TSI caused a default judgment to be entered against the Plaintiff Alex Taylor in case no. 140415060 in the amount of $65,607.76 (hereafter the collection action).

28.     Commencing in late July of 2018 the Defendant TSI, acting on behalf of

6

NCSLT 2007-1, began garnishing the Plaintiff Alex Taylor's wages.

29.     TSI proceeded with the entry of a default judgment and the garnishment

of Mr. Taylor's wages even though the National Collegiate Student Loan Trusts' ability

to prove ownership of the loans which they collect in court has proven to be

problematic. The New York Times has reported extensively on the inability of the trusts

to produce documentation proving they own the loans upon which they are collecting.[2]

30.     On information and belief, Vantage Capital Group is a private equity firm

which reportedly is the beneficial owner of National Collegiate Loan Funding, LLC, the

depositor of purchased student loan accounts into NCSLT 2007-1.

31.     According to the New York Times, after the notes issued to investors in a

National Collegiate Student Loan Trust are paid, Vantage Capital Group recovers the

remaining funds collected.

32.     Mr. Donald Uderitz is reportedly a founder of Vantage Capital Group.

33.     In the July 17, 2017 New York Times article Mr. Uderitz advised that he:

hired a contractor in 2015 to audit the servicing company that bills
National Collegiate's borrowers each month and is supposed to maintain
custody of many loan documents critical for collection cases. A random
sample of nearly 400 National Collegiate loans found not a single one had
assignment paperwork documenting the chain of ownership, according to

---

[2] *As Paperwork Goes Missing, Private Student Loan Debts May Be Wiped Away*, N.Y.
Times, July 17, 2017, https://nyti.ms/2vvroKs (quoting Donald Uderitz of Vantage Capital
Group) ("It's fraud to try to collect on loans that you don't own," Mr. Uderitz said. "We want no
part of that[.]") (last visited 11/14/2018); *Behind the Lucrative Assembly Line of Student Debt
Lawsuits*, N.Y. Times, Nov. 13, 2017, https://nyti.ms/2jlqMpZ (noting Vantage Capital's
approval of the CFPB action against National Collegiate) (last visited 11/14/2018).

a report they had prepared.

34.    And the Consumer Financial Protection Bureau conducted a lengthy

investigation of TSI which resulted in a September 18, 2017 Consent order in

Administrative Proceeding 2017-CFPB-0018, In the Matter of: TSI Systems, Inc.

35.    The preamble to that Consent Order states, in part, that:

> The Consumer Financial Protection Bureau (Bureau) has reviewed
> the debt collections litigation practices of the Attorney Network business
> unit of TSI Systems, Inc. ("TSI") ("Respondent"), the agent and Service
> Provider for fifteen (15) Delaware statutory trusts referred to as the
> National Collegiate Student Loan Trusts ("NCSLTs", or "the Trusts", which
> are the National Collegiate Master Student Loan Trust, NCSLT 2003-1,
> NCSLT 2004-1, NCSLT 2004-2, NCSLT 2005-1, NCSLT 2005-2, NCSLT
> 2005-3, NCSLT 2006-1, NCSLT 2006-2, NCSLT 2006-3, NCSLT 2006-4,
> NCSLT 2007-1, NCSLT 2007-2, NCSLT 2007-3, and NCSLT 2007-4), and
> has identified violations of sections 1031(a) and 1036(a)(i) of the Consumer
> Financial Protection Act of 2010 (CFPA). Under sections 1053 and 1055 of
> the CFPA, 12 U.S.C. §§ 5563, 5565, the Bureau issues this Consent Order
> (Consent Order).

36.    The Consent Order goes on to recite that the law firms across the country

retained by TSI's Attorney Network business unit to collect on loans held by these

National Collegiate Student Loan Trusts had, in hundreds of cases, filed debt collection

lawsuits without the documentation necessary to prove ownership of the loans being

collected upon.

37.    Based on pre-suit investigation of NCO's and TSI's practices in

administering a nationwide network of attorneys, Plaintiffs believe that it is likely that

after discovery they will be able to show that:

　　　　i.    As a TSI network firm, the law firm that filed the student loan debt

8

collection case against Plaintiff Alex Taylor in case no. 140415060
(hereafter Plaintiff Alex Taylor's collection case) acted on a
contingent fee basis.

ii.   As a TSI network firm, the law firm that filed the Plaintiff Alex
Taylor's collection case was not permitted to contact NCSLT 2007-1
directly for documents proving the Plaintiffs' indebtedness or
NCSLT 2007-1's right to sue on the student loan.

iii.   TSI grades its network firms (including the firm in Plaintiff Alex
Taylor's collection case) on, among other metrics, the rate at which
they file suit against consumers, the speed with which judgments
are entered, and the success in colleting those judgments.

iv.   TSI's support staff worked directly with non-attorney support staff
at the law firm in Plaintiffs' case to, among other things, draft the
pleading filed against the Plaintiff.

v.   The law firm that brought the debt collection action in Plaintiffs'
case is a large debt collection law firm that has filed hundreds of
cases in Utah on behalf of National Collegiate Student Loan Trusts.

vi.   The pleadings filed by this law firm against Utah consumers were
based on preexisting templates which, except for the name of the
alleged debtor and a few other variables have been auto-populated
using the electronic data provided by NCO or TSI.

       vii.    National Student Loan Trust cases were routinely filed by this law firm despite the fact that it lacked the documentation necessary to show the trust's ownership of the loans being collected upon.

38.    Notwithstanding the pre-suit letter from NCSLT 2007-1 and American Education Services referred to in paragraph 23 above advising Plaintiff that the loan in Plaintiff Alex Taylor's collection case was fraudulent, TSI responded to the Plaintiff Alex Taylor's repeated complaints to it that the loan being collected upon was fraudulent by letters advising:

       i.    On August 15, 2015 that TSI was "unable to substantiate your claim at this time."

       ii.    On September 27, 2016 that TSI was "unable to substantiate your claim at this time."

       iii.    On January 20, 2017 that TSI was "unable to substantiate your claim at this time."

       iv.    On August 20, 2018 that TSI was "unable to substantiate your claim at this time."

39.    Mr. Uderitz put it most aptly when he stated: "It's fraud to try to collect on loans that you don't own."[3]

40.    The acts and conduct of the defendants complained against in this lawsuit

---

[3] *As Paperwork Goes Missing, Private Student Loan Debts May Be Wiped Away*, N.Y. Times, July 17, 2017, https://nyti.ms/2vvroKs.

were performed in large part through the John Doe Defendants, were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon Plaintiffs and/or were done in reckless disregard of the probability of causing Plaintiffs emotional distress, and these acts and conduct did in fact result in severe and extreme emotional distress.

41.    Plaintiffs as a direct and proximate result of the Defendants' acts alleged herein have incurred severe emotional distress as a result of that conduct. For this harm Plaintiffs request actual damages in an amount to be proven at trial.

42.    The aforesaid conduct of the Defendant Doe officers, managing agents and individuals was undertaken on behalf of the Defendants NCSLT 2007-1, NCO and TSI, which due to the pattern and practice of these Doe Defendants in routinely failing or refusing to use due diligence in determining whether NCSLT 2007-1 had standing to prosecute a claim against an alleged student loan borrower, had advance knowledge of the actions and conduct of said individuals and ratified such acts and conduct. In perpetrating those acts and failing to make prompt, fair and diligent investigation of Plaintiff Alex Taylor's identity theft complaints these Defendants, and each of them, acted recklessly and with conscious disregard of the rights of Plaintiffs and did so in an oppressive and despicable manner, all of which warrants the imposition of punitive damages in an amount sufficient to punish Defendants, and each of them, and deter them and others from engaging in similar wrongful conduct in the future.

### FIRST CAUSE OF ACTION – UCSPA DECLARATORY & INJUNCTIVE RELIEF
(Void Judgment)

11

43.     Plaintiff Alex Taylor re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

44.     At all time material to the Plaintiffs' claims the Defendant NCSLT 2007-1 was a supplier within the meaning of the Utah Consumer Sales Practices Act, *Utah Code Ann.* § 13-11-1 et seq. (UCSPA).

45.     At all time material to the Plaintiffs' claims the Defendant NCO was a supplier within the meaning of the UCSPA.

46.     At all time material to the Plaintiffs' claims the Defendant TSI  was a supplier within the meaning of the UCSPA.

47.     At all times material to the Plaintiffs' claims the student loan and the enforcement of that loan against the Plaintiff Alex Taylor concerned a consumer transaction within the meaning of the UCSPA.

48.     Plaintiff Alex Taylor was never a party to the fraudulent loan, and because the Plaintiff Alex Taylor was never a party to that transaction, NCSLT 2007-1 could not suffer an injury due to the Plaintiff Alex Taylor's non-existent conduct, so that the entry of default judgment against the Plaintiff Alex Taylor did not redress the Defendant NCSLT 2007-1's alleged injury.

49.     Consequently, NCSLT 2007-1 never had standing to prosecute case no. 140415060 against the Plaintiff Alex Taylor, meaning that the Court could not assert its

12

jurisdiction over the subject matter alleged in case no. 140415060, thus rendering the judgment entered in that collection action void for lack of subject matter jurisdiction.

50.     Alternatively, on information and belief, NCSLT 2007-1 never acquired ownership of the student loan which is the subject of the collection action in case no. 140415060, and so had no standing to bring that collection action, thereby rendering the judgment entered in the collection action void.

51.     Consequently, NCSLT 2007-1 never had standing to bring the Plaintiff Alex Taylor's collection case, meaning that the Court could not assert its jurisdiction over the subject matter alleged in the collection case, thus rendering the judgment entered in the collection action void for lack of subject matter jurisdiction.

52.     Alternatively, NCSLT 2007-1's Complaint in case no. 140415060 failed to state a claim against the Plaintiff Alex Taylor, meaning default judgment could not be entered against the Plaintiff Alex Taylor in that case.

53.     Based on the foregoing, Plaintiff seeks a declaration from this Court pursuant to *Utah Code Ann.* § 13-11-19(1)(a) and *Utah R. Civ. P.* 60(b)(6) that:

> i. NCSLT 2007-1 lacked standing to prosecute case no. 140415060;

> ii. due to NCSLT 2007-1's lack of standing the district court could not exercise its subject matter jurisdiction over NCSLT 2007-1's claims against the Plaintiff Alex Taylor;

iii. the default judgment entered in case no. 140415060 is void and must be set aside as void;

iv. NCSLT 2007-1 failed to state a contract date in the complaint in case no. 1401415060, meaning NCSLT 2007-1 failed to state a claim upon which default judgment could be entered;

v. in this independent action, the Plaintiff Alex Taylor is entitled to relief from the default judgment under rule 60(b)(6).

54.    As well, Plaintiff Alex Taylor seeks injunctive relief pursuant to *Utah Code Ann.* § 13-11-19(1)(b) requiring that:

i.    the Defendants disgorge all amounts collected from the Plaintiff Alex Taylor as a result of the default judgment entered in case no. 140415060;

ii.    the Defendants cease all efforts to enforce the default judgment entered in case no. 140415060, and that they cease all efforts to collect from the Plaintiff Alex Taylor amounts owing on the student loan;

iii.    that the Defendants not report the alleged student loan account to any credit reporting agency as the Plaintiff Alex Taylor's obligation;

iv.    that the Defendants not purport to transfer, convey, set over, or assign their "rights" in the student loan account allegedly owed by the Plaintiff Alex

Taylor to any other person or entity;

      v.    that the Defendants correct their own internal records to show that the Plaintiff Alex Taylor is not obligated on the alleged student loan.

55.    Under the UCSPA Plaintiff Alex Taylor is entitled to an award of attorney fees for prosecuting his claim for declaratory and injunctive relief.

SECOND CAUSE OF ACTION – FRAUD UPON THE COURT
**(Judgment obtained with knowledge of forgery or fraud)**

56.    Plaintiff Alex Taylor re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

57.    NCSLT 2007-1 and TSI prosecuted the collection action in case no. 140415060 to judgment against the Plaintiff Alex Taylor all the while knowing that:

      i.    the student loan for which NCSLT 2007-1 claimed was the product of forgery or fraud, that is, Plaintiff Alex Taylor asserts (on information and belief) that NCSLT 2007-1 knew either directly or through its servicing agent AES that the Plaintiff Alex Taylor had not signed the student loan documents which created the obligation for which NCSLT 2007-1 claimed in the collection action, that Plaintiff Alex Taylor was not a party to those student loan documents, meaning that Plaintiff Alex Taylor had not benefitted from or received any of the proceeds of that student loan; or

      ii.    NCSLT 2007-1 did not own the student loan which was the subject

15

of the collection action in case no. 140415060. In particular, at all times material to the
Plaintiffs' claims NCSLT 2007-1, NCO and TSI knew or should have known NCSLT
2007-1 did not have the chain of assignment documents necessary to establish that it
acquired the student loan from the originator of the student loan, JP Morgan Chase
Bank, N.A., and so NCSLT 2007-1, NCO and TSI knew or should have known NCSLT
2007-1 did not have the standing necessary to bring the claims against Plaintiff Alex
Taylor prosecuted in case no. 140415060.

    58.    By reason of the foregoing NCSLT 2007-1, NCO and TSI committed a
fraud upon the court by prosecuting their claims against the Plaintiff Alex Taylor in
case no. 1404015060, and Plaintiff Alex Taylor is entitled to the exercise of this Court's
equitable powers to vacate the default judgment entered against the Plaintiff in case no.
140415060, and to actual, compensatory, general, and punitive damages from those
defendants.

### THIRD CAUSE OF ACTION--INVASION OF PRIVACY
### (By Intrusion upon Seclusion)

    59.    Plaintiffs incorporate the allegations plead in the preceding and
subsequent paragraphs of this complaint.

    60.    At all times material to the Plaintiffs' claims they shared and operated a
single household, made joint financial contributions to the care, upkeep and
maintenance of their household, for their direct and immediate mutual benefit and the

direct and immediate benefit of their minor children.

61.     Defendants NCSLT 2007-1, NCO, TSI, and Does I through X intentionally interfered, and each of them physically or otherwise interfered, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff Alex Taylor and the Plaintiff Nallely Taylor, namely, by repeatedly and unlawfully attempting to collect a debt which was not owed by the Plaintiff Alex Taylor, thereby invading Plaintiffs' privacy.

62.     In particular, the Defendants NCSLT 2007-1, NCO and TSI, and Does I through X engaged in a course of conduct, recited in the above paragraphs stating the factual allegations of their misconduct which violated Plaintiffs' right to financial and other privacy, and which so hounded the Plaintiff Alex Taylor that it became a substantial burden to the Plaintiffs' existence, which course of conduct included:

i.      Commencing a legal action against the Plaintiff Alex Taylor even through the Defendants knew or should have known that the Plaintiff Alex Taylor was not a party to the student loan transaction for which they brought their action to recover in case no. 140415060.

ii.     Commencing a legal action against the Plaintiff Alex Taylor even through the Defendants knew or should have known that they did not have the documents to prove that NCSLT 2007-1 owned the student loan account for which they brought their action to recover in case no. 140415060.

17

     iii.    Serving process on the Plaintiff Alex Taylor at his home to collect on a debt that was not owed by the Plaintiff Alex Taylor or that was not owned by the Defendant NCSLT 2007-1;

     iv.    Taking a default judgment on a debt that was not owed by the Plaintiff Alex Taylor, that was not owned by the Defendant NCSLT 2007-1, or for which NCSLT 2007-1 failed to state a claim, and then demanding payment on that default judgment;

     v.    Repeatedly garnishing the Plaintiff Alex Taylor's wages, thus causing the Plaintiffs extreme financial hardship, humiliation, embarrassment, anxiety, and upset;

63.    The course of conduct stated above, and each act in that course of conduct, by each of these Defendants, constituted:

     i.    an intentional intrusion by each of them into the Plaintiffs' seclusion and privacy;

     ii.    a substantial intrusion by each of them into the Plaintiffs' seclusion and privacy.

     iii.    The Defendants intentionally caused harm to Plaintiffs' emotional well being by engaging in highly offensive conduct by collecting on a debt which they knew or should have known was not the Plaintiff Alex Taylor's, and in the course of

18

collecting this debt intentionally caused harm to Plaintiffs' emotional well being, thereby invading and intruding upon Plaintiffs' right to privacy.

64.     Plaintiffs had and have a reasonable expectation of privacy in their solitude, seclusion, and or private concerns or affairs.

65.     These intrusions and invasions by the Defendants recited above occurred in a way that would be highly offensive to a reasonable person in that position.

66.     As a result of the Defendants's invasion of Plaintiffs' privacy, Plaintiffs, and each of them, are entitled to actual, consequential, and general damages in an amount to be determined at trial from each and every one of those Defendants.

### FOURTH CAUSE OF ACTION – UCSPA VIOLATIONS
### (Violations of *Utah Code Ann.* § 13-11-4(2))

67.     Plaintiff Alex Taylor re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

68.     Defendants, and each of them, violated the UCSPA, *Utah Code Ann.* § 13-11-4(2) (and by opposing the within action, Defendants again violate the UCSPA), by intentionally or knowingly:

i.     Asserting that the Plaintiff Alex Taylor was obligated on the student loan debt when he was not;

ii.     Asserting that they had standing to bring the student loan action against the Plaintiff Alex Taylor when they did not.

69.     The Defendant TSI violated the UCSPA, *Utah Code Ann.* § 13-11-4(2) by repeatedly asserting that it was without sufficient information to determine whether the Plaintiff Alex Taylor was a victim of identity theft (and by asserting the same response in this action, TSI again violates the UCSPA).

70.     Plaintiff Alex Taylor is entitled to the greater of statutory or actual damages from each of the Defendants for each of their violations of the UCSPA, as well as attorney fees as provided for by statute.

### FIFTH CAUSE OF ACTION – COMMUNICATIONS FRAUD
### (Lack of standing and fraud upon the court)

71.     Plaintiff Alex Taylor re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

72.     In prosecuting NCSLT 2007-1's clams against the Plaintiff Alex Taylor in case no. 140415060 the Defendant TSI engaged in communications fraud within the meaning of *Utah Code Ann.* § 76-10-1801, thus making those Defendants liable to the Plaintiff Alex Taylor under *Utah Code Ann.* § 78B-6-1801.

73.     Among other things, TSI's communications fraud included its repeated representations (made intentionally, knowingly, or with reckless disregard for the truth) to the Plaintiff Alex Taylor that:

        i.      TSI was unable to substantiate his assertions that the student loan debt upon which it was collecting was not his;

        ii.     TSI was lawfully authorized to collect, on behalf of NCSLT 2007-1,

20

the alleged student loan debt from the Plaintiff Alex Taylor.

74.     At all times material to the Plaintiff Alex Taylor's clams TSI was the duly authorized agent of NCSLT 2007-1, had apparent authority to act for NCSLT 2007-1, or NCSLT 2007-1 ratified the acts of TSI, thus making NCSLT 2007-1 liable for TSI's communications fraud stated above.

75.     Based on the foregoing, the Plaintiff Alex Taylor is entitled to recover from NCSLT 2007-1 and TSI actual damages, compensatory damages, punitive damages, attorney fees and costs as provided for by *Utah Code Ann.* § 78B-6-1801.

### SIXTH CAUSE OF ACTION – UNJUST ENRICHMENT
### (Lack of standing and fraud upon the court)

76.     Plaintiff Alex Taylor re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

77.     As has been previously stated, the Defendants either knew (or should have known) that the student loan which was the subject of the collection action in case no. 140415060 had been fraudulently obtained and that Plaintiff Alex Taylor was not a party to that student loan, or the Defendants knew that NCSLT 2007-1 did not own that student loan (through assignment from the loan's originator, Chase Bank, N.A.) and so in either case knew that NCSLT 2007-1 did not have standing to prosecute its claims against Plaintiff Alex Taylor in case no. 140415060.

78.     As a direct and immediate consequence of the default judgment in the

collection action Plaintiff Alex Taylor has been compelled to confer benefits on NCSLT

2007-1 in the form of the funds garnished from the Plaintiff's funds.

79.     The recovery and retention by NCSLT 2007-1 of the benefits paid by the

Plaintiff Alex Taylor is inequitable due to NCSLT 2007-1's lack of standing, due to its

knowledge of the fraudulent nature of the student loan documents founding its claim in

the collection action, and due to its failure to state a claim entitling it to the entry of

default judgment against the Plaintiff Alex Taylor.

80.     Consequently, to remedy the unjust enrichment NCSLT 2007-1 has

received from the Plaintiff Alex Taylor, he is entitled to damages from NCSLT 2007-1 in

the amount of that unjust enrichment.

## SEVENTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Lack of standing and fraud upon the court)

81.     Plaintiff Alex Taylor and Nallely Taylor re-allege and incorporate the

preceding paragraphs of his complaint as if specifically restated herein.

82.     In obtaining a default judgment against the Plaintiff Alex Taylor and then

garnishing his wages the Defendants intentionally inflicted emotional distress on the

Plaintiffs, and each of them; that is,  any reasonable person would have known that in

bringing an action against the Plaintiff Alex Taylor on a debt which he did not owe, and

which the Defendant NCSLT 2007-1 could not prove it owned, that obtaining a default

22

judgment against the Plaintiff Alex Taylor in that debt collection action, and then garnishing the Plaintiff Alex Taylor's wages would result in the Plaintiff Alexander Taylor and the Plaintiff Nallely Taylor experiencing severe emotional distress.

83.     The Defendants' action in collecting a debt from the Plaintiff Alex Taylor which NCSLT 2007-1 did not own and which the Defendant Alex Taylor did not owe, and the fact that Defendants conduct in case no. 140415060 was part of a larger pattern of their intentionally collecting, on information and belief, thousands of student loan debts NCSLT 2007-1 could not prove it owned, means that Defendants' actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality.

84.     As a result of the Defendants' intentional infliction of emotional distress on the Plaintiffs, Plaintiffs are entitled to actual, consequential, and general damages in an amount to be determined at trial from each and every one of these Defendants.

## EIGHTH CAUSE OF ACTION – CIVIL CONSPIRACY
**(Fraud upon the court, Invasion of Privacy, Intentional Infliction of Emotional Distress,, UCSPA violations)**

85.     Plaintiffs re-allege and incorporate the preceding paragraphs of his complaint as if specifically restated herein.

86.     Upon information and belief, NCSLT 2007-1, NCO, TSI, and the Defendant Does (collectively the Conspirators) acted in concert for the purpose of prosecuting the collection action when they knew NCSLT 2007-1 lacked standing or

23

they knew that the loan documents upon which NCSLT 2007-1 based its claims against the Plaintiff in the collection action were fraudulent.

87.    The Conspirators acted in concert together to, among other things,  invade the Plaintiffs' privacy and intentionally inflict emotional distress on the Plaintiffs.

88.    The Conspirators acted in concert together to, among other things, violate the Plaintiff Alex Taylor's rights under the UCSPA, perpetrate a fraud upon the Court, and unjustly enrich themselves at the Plaintiff Alex Taylor's expense.

89.    During their prosecution of the collection action the Conspirators engaged in overt acts in furtherance of their conspiracy including filing the collection action, prosecuting the collection action, entering the default judgment against the Plaintiff Alex Taylor, and garnishing the Plaintiff Alex Taylor's funds.

90.    As a result of the Conspirators wrongful acts, Plaintiffs have incurred actual, general, and consequential damaged in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

A.    On Plaintiff Alex Taylor's First Claim for Relief for a declaratory judgment stating that the Plaintiff Alex Taylor was never a party to the student loan obligation, that the Defendant NCSLT 2007-1 never owned the student loan or was incapable of

24

proving it owned the student loan, that the default judgment entered against the Plaintiff Alex Taylor in the collection action is void, that the default judgment must be set aside as void, that the default judgment must be set aside because NCSLT 2007-1 failed to state a claim, and for injunctive relief requiring that:

      i.     the Defendants disgorge all amounts collected from the Plaintiff Alex Taylor as a result of the default judgment entered in case no. 140415060;

      ii.    the Defendants cease all efforts to enforce the default judgment entered in case no. 140415060, and that they cease all efforts to collect from the Plaintiff Alex Taylor amounts owing on the student loan;

      iii.   that the Defendants not report the alleged student loan to any credit reporting agency as the Plaintiff Alex Taylor's obligation;

      iv.   that the Defendants not purport to transfer, convey, set over, or assign their "rights" in the alleged student loan to any other person or entity;

      v.    that the Defendants correct their own internal records to show that the Plaintiff Alex Taylor is not obligated on the alleged student loan.

     B.    On Plaintiff Alex Taylor's Second Claim for Relief for a decree in equity vacating the default judgment in the collection action and ordering the refund of all sums collected from the Plaintiff Alex Taylor.

C.      On Plaintiffs Alex and Nallely Taylors' Third Claim for Relief for Invasion of Privacy by Intrusion Upon Seclusion, for a judgment against the Defendants TSI, NCO, NCSLT 2007-1 and the Defendant Does I through X for the actual, compensatory, direct, and consequential damages resulting from their wrongful acts in an amount to be proven at the trial of the within action, but in excess of $300,000.00.

D.      On Plaintiff Alex Taylor's Fourth Claim for Relief for violation of the UCSPA for the greater of actual or statutory damages from each defendant for each violation, plus reasonable attorney fees, costs.

E.      On Plaintiff Alex Taylor's Fifth Claim for Relief, judgment against TSI for its communications fraud, including actual, compensatory damages of three times actual damages, punitive damages, attorney fees, and costs.

F.      On Plaintiff Alex Taylor's Sixth Claim for Relief, judgment against NCSLT 2007-1 for its unjust enrichment in an amount to be proven at trial.

G.      On Plaintiffs' Seventh Claim for Relief for Intentional Infliction of Emotional Distress, for a judgment against the Defendants NCO, TSI, NCSLT 2007-1 and the Defendant John Does I through X for the actual, compensatory, direct, and consequential damages resulting from their wrongful acts in an amount to be proven at the trial of the within action, but in excess of $300,000.00.

H.      On Plaintiffs' Eight Claim for Relief for Civil Conspiracy, for a judgment

26

against the Defendants NCO, TSI, NCSLT 2007-1 and the Defendant John Does I through X for the actual, compensatory, direct, and consequential damages resulting from their wrongful acts in an amount to be proven at the trial of the within action, but in excess of $300,000.00.

I.      For pre and post judgment interest as provided for by statute on all claims.

J.      For an award of punitive damages.

K.      For an award of attorney fees and costs to the Plaintiff as allowed for by statute and law.

L.      For such further and other relief as to this Honorable Court may seem mete in the premises.

### PLAINTIFFS DEMAND A TRIAL BY JURY

DATED this 26th day of November, 2018.

____/S/ Ronald Ady_____
RONALD ADY
RONALD ADY, PLLC
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 746-3500
(801) 746-3501 fax
adyr@80law.com
Attorney for the Plaintiffs

27

Alex Taylor and Nallely Taylor

 CT Corporation

**Service of Process Transmittal**
01/23/2019
CT Log Number 534787641

**TO:** Erik Podbutzky
Transworld Systems Inc.
500 Virginia Dr Ste 514
Fort Washington, PA 19034-2707

**RE:** **Process Served in Utah**

**FOR:** Transworld Systems Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ALEX TAYLOR AND NELLALY TAYLOR, PLTFS. vs. NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, ET AL., DFTS. // TO: TRANSWORLD SYSTEMS, INC. |
| **DOCUMENT(S) SERVED:** | SUMMONS, AMENDED COMPLAINT |
| **COURT/AGENCY:** | Third District Court, Salt Lake County, Salt Lake Department, UT Case # 180908922 |
| **NATURE OF ACTION:** | AMENDED COMPLAINT FOR EQUITABLE RELIEF AND MONEY DAMAGES |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Midvale, UT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/23/2019 at 12:40 |
| **JURISDICTION SERVED :** | Utah |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of this summons |
| **ATTORNEY(S) / SENDER(S):** | RONALD ADY
RONALD ADY, PLLC
8 EAST BROADWAY, STE. 725
SALT LAKE CITY, UT 84111
801-530-3122 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/24/2019, Expected Purge Date: 01/29/2019 |
| | Image SOP |
| | Email Notification, Erik Podbutzky lawsuits@tsico.com |
| | Email Notification, Marny Joy Abbott legal.review@tsico.com |
| **SIGNED:**
**ADDRESS:**

**TELEPHONE:** | C T Corporation System
1108 East South Union Avenue
Midvale, UT 84047
212-590-9070 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

RONALD ADY (USB 3694)
RONALD ADY, PLLC
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiffs

Date 23 Jan 2019 Time 11:12am
R(B)1108 E South Union r Ave
Upon Holli Thang
Agent      Beaver
Deputy - Private Investigator - Process Server
Salt Lake County Constable, Bob Reitz
7026 Commerce Park Dr. #101, Midvale, UT
(801) 255-5468

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| ALEX TAYLOR and NALLELY TAYLOR, | **SUMMONS** |
| Plaintiffs, | (21-day) |
| v. | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, TRANSWORLD SYSTEMS, INC., EGS FINANCIAL CARE, INC. fka NCO Financial Systems, Inc. and JOHN DOES I through X. | **Case No. 180908922** |
| | **Judge** James Gardner |
| | Tier III |
| Defendants. | |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANTS:

You are summoned and required to answer the attached complaint. Within

21 days after service of this summons, you must file your written answer with the

clerk of the court at the following address: Matheson Courthouse, 450 South State

St., P.O. Box 1860, Salt Lake City, UT 84114-1860, and you must mail or deliver a

copy to Plaintiff's attorneys at the address listed above. If you fail to do so,

judgment by default may be taken against you for the relief demanded in the

complaint. The complaint is on file with the clerk of the court.

DATED this 19th day of January, 2019.

RONALD ADY, Attorney for
Plaintiffs Alexander Taylor
and Nallely Taylor

RONALD ADY (USB 3694)
RONALD ADY, PLLC
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiffs

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| ALEX TAYLOR and NALLELY TAYLOR,<br><br>Plaintiffs, | AMENDED COMPLAINT FOR EQUITABLE RELIEF AND MONEY DAMAGES |
| v. | (Jury Trial) |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, TRANSWORLD SYSTEMS, INC., EGS FINANCIAL CARE, INC. fka NCO Financial Systems, Inc. and DOES I through X.<br><br>Defendants. | Case No. 180908922<br><br>Judge James Gardner<br><br>Tier III |

Plaintiffs Alexander Taylor and Nallely Taylor, by and through counsel of

record, complain of Defendants National Collegiate Student Loan Trust 2007-1, EGS

Financial Care, Inc. fka NCO Financial Systems, Inc., Transworld Systems, Inc., Does I

through X, and for cause of action against those defendants allege as follows.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Alex Taylor is an individual residing in Salt Lake County.

2. Plaintiff Nallely Taylor is an individual residing in Salt Lake County.

3. In 2012 Plaintiffs became husband and wife.

4. The Defendant National Collegiate Student Loan Trust 2007-1 (hereafter NCSLT 2007-1) is a Delaware Statutory Trust, which was created on February 6, 2007 and which has as its registered agent in Delaware Wilmington Trust Company, Rodney Square North, 1100 N. Market Street, Wilmington DE 19890.

5. NCSLT 2007-1 is one of 15 such trusts established between 2001 and 2007 by First Marblehead Corp.

6. Through its subsidiary National Collegiate Funding LLC, first Marblehead Corp. purchased large portfolios of student loans originated by lenders like JP Morgan Chase Bank, N.A., and those loans were then securitized into one of the National Collegiate Student Loan Trusts (in the within action, NCSLT 2007-1), which then issued asset-back securities to investors.

7. According to its filings with the United States Securities and Exchange Commission, as of January 31, 2007 NCSLT 2007-1 had loans with 272 Utah consumers

2

totaling $3,675,119.00.[1]

8.      A review of Xchange discloses that hundreds of cases have been filed in Utah Courts by National Collegiate Student Loan Trust entities. On information and belief, Plaintiff alleges that scores of these cases have been filed by the Defendant NCSLT 2007-1.

9.      Defendant EGS Financial Care, Inc. fka NCO Financial Systems, Inc. (hereafter NCO) is a Pennsylvania corporation that maintains offices at 400 Horsham Road, Suite 130, Horsham, Pennsylvania 19044. NCO does business in Utah and regularly attempts to collect debts in Utah alleged to be in default. NCO has as its registered agent in Utah Corporation Service Company, 15 West South Temple, Ste. 1701, Salt Lake City UT 84101.

10.     The Defendant Transworld Systems, Inc. (hereafter TSI) is a California corporation with its principal place of business at 500 Virginia Drive, Suite 514, Ft. Washington, Pennsylvania 19034. TSI is registered in the State of Utah as a collection agency, which regularly collects in Utah debts alleged to be in default, and which has as its registered agent CT Corporation System 1108 E. South Union Ave., Midvale UT 84047.

_____

[1] *See* Prospectus Supplement, National Collegiate Student Loan Trust 2007-1 (March 3, 2007), https://www.sec.gov/Archives/edgar/data/1223029/ 000089968107000201/national-424b5_030207.htm (last visited November 14, 2018).

11.     On information and belief, at all times material to the Plaintiffs' claims in this action the Defendants NCO and TSI were wholly owned subsidiaries of the same legal entity, and TSI was the successor in interest to the defaulted student loan servicing formerly provided by NCO to NCSLT 2007-1,.

12.     The Defendant Does I through X are persons as yet unknown at NCO and TSI performing responsible for mandating the conduct by NCO and TSI for which Plaintiff complains in this lawsuit.

13.     National Collegiate Student Loan Trusts have no employees, meaning that NCSLT 2007-1 can, of itself, do nothing. Rather, it must act through other entities and on information and belief all of NCSLT 2007-1's collections conduct complained of in this pleading were or are actually performed by NCO, TSI or attorneys hired by them.

14.     At all times material to the Plaintiffs' claims in this action the Defendants NCO and TSI had contracted with the Defendant NCSLT 2007-1 (or its authorized agent) to service NCSLT 2007-1's post-default student loan accounts and did service those accounts.

15.     At all times material to the Plaintiffs' claims in the within action, the Defendants NCO or TSI represented themselves as acting for and on behalf of NCSLT 2007-1 in collecting, post-default, on student loans which it purported to own, including the student loan which is the subject of this action.

4

16.    This Court has jurisdiction of this action as provided for by *Utah Code Ann.* § 78A-5-102(1).

17.    Venue is proper in this Court pursuant to *Utah Code Ann.* § 78B-3-307.

18.    Discovery in the within action is governed by Tier III of the Rule 26 discovery standards.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

19.    In November and December of 2006 an identify thief, using the Plaintiff Alex Taylor's personal identifiers (including Plaintiff's Social Security number and date of birth) subscribed to a student loan with JP Morgan Chase Bank, N.A., apparently for the purpose of attending the University of Nevada Las Vegas from January 1, 2007 through May 1, 2007 (hereafter the student loan account or the fraudulent loan).

20.    On information and belief, pursuant to the terms of those loan documents the identity thief received or had disbursed on his behalf and for his direct and immediate benefit the principal amount of $30,000.00.

21.    The Plaintiff Alex Taylor never subscribed to the student loan referred to in the preceding paragraphs, he has never resided in Las Vegas, he has never attended the University of Nevada Las Vegas, and he has never received any benefit (whether direct or indirect) from that fraudulent loan.

5

22.     At all times material to the Plaintiffs' claims in this action Alex Taylor was a resident of Sandy, Utah and employed by Reams grocery store at its Highland, Utah store.

23.     On or about March 18, 2014 NCSLT 2007-1, and American Education Services (AES), sent the Plaintiff Alex Taylor a letter advising that there was fraud or forgery associated with the student loan account.

24.     That same student loan account later was the subject of case no. 140415060 commenced in the Third District Court, State of Utah on October 15, 2014 naming Alex Taylor as the Defendant.

25.     Case no. 140415060 was commenced under the immediate direction and supervision of the Defendant NCO, acting as the default loan servicer for the Defendant NCSLT 2007-1, to collect from the Plaintiff Alex Taylor the amounts alleged to be due from him in that case.

26.     On or about November 1, 2014 the Defendant TSI succeeded NCO as the default loan servicer on the fraudulent loan.

27.     On January 27, 2015 TSI caused a default judgment to be entered against the Plaintiff Alex Taylor in case no. 140415060 in the amount of $65,607.76 (hereafter the collection action).

28.     Commencing in late July of 2018 the Defendant TSI, acting on behalf of

6

NCSLT 2007-1, began garnishing the Plaintiff Alex Taylor's wages.

29.     TSI proceeded with the entry of a default judgment and the garnishment

of Mr. Taylor's wages even though the National Collegiate Student Loan Trusts' ability

to prove ownership of the loans which they collect in court has proven to be

problematic. The New York Times has reported extensively on the inability of the trusts

to produce documentation proving they own the loans upon which they are collecting.[2]

30.     On information and belief, Vantage Capital Group is a private equity firm

which reportedly is the beneficial owner of National Collegiate Loan Funding, LLC, the

depositor of purchased student loan accounts into NCSLT 2007-1.

31.     According to the New York Times, after the notes issued to investors in a

National Collegiate Student Loan Trust are paid, Vantage Capital Group recovers the

remaining funds collected.

32.     Mr. Donald Uderitz is reportedly a founder of Vantage Capital Group.

33.     In the July 17, 2017 New York Times article Mr. Uderitz advised that he:

hired a contractor in 2015 to audit the servicing company that bills
National Collegiate's borrowers each month and is supposed to maintain
custody of many loan documents critical for collection cases. A random
sample of nearly 400 National Collegiate loans found not a single one had
assignment paperwork documenting the chain of ownership, according to

---

[2] *As Paperwork Goes Missing, Private Student Loan Debts May Be Wiped Away*, N.Y.
Times, July 17, 2017, https://nyti.ms/2vvroKs (quoting Donald Uderitz of Vantage Capital
Group) ("It's fraud to try to collect on loans that you don't own," Mr. Uderitz said. "We want no
part of that[.]") (last visited 11/14/2018); *Behind the Lucrative Assembly Line of Student Debt
Lawsuits*, N.Y. Times, Nov. 13, 2017, https://nyti.ms/2jlqMpZ (noting Vantage Capital's
approval of the CFPB action against National Collegiate) (last visited 11/14/2018).

a report they had prepared.

34.     And the Consumer Financial Protection Bureau conducted a lengthy

investigation of TSI which resulted in a September 18, 2017 Consent order in

Administrative Proceeding 2017-CFPB-0018, In the Matter of: TSI Systems, Inc.

35.     The preamble to that Consent Order states, in part, that:

The Consumer Financial Protection Bureau (Bureau) has reviewed
the debt collections litigation practices of the Attorney Network business
unit of TSI Systems, Inc. ("TSI") ("Respondent"), the agent and Service
Provider for fifteen (15) Delaware statutory trusts referred to as the
National Collegiate Student Loan Trusts ("NCSLTs", or "the Trusts", which
are the National Collegiate Master Student Loan Trust, NCSLT 2003-1,
NCSLT 2004-1, NCSLT 2004-2, NCSLT 2005-1, NCSLT 2005-2, NCSLT
2005-3, NCSLT 2006-1, NCSLT 2006-2, NCSLT 2006-3, NCSLT 2006-4,
NCSLT 2007-1, NCSLT 2007-2, NCSLT 2007-3, and NCSLT 2007-4), and
has identified violations of sections 1031(a) and 1036(a)(i) of the Consumer
Financial Protection Act of 2010 (CFPA). Under sections 1053 and 1055 of
the CFPA, 12 U.S.C. §§ 5563, 5565, the Bureau issues this Consent Order
(Consent Order).

36.     The Consent Order goes on to recite that the law firms across the country

retained by TSI's Attorney Network business unit to collect on loans held by these

National Collegiate Student Loan Trusts had, in hundreds of cases, filed debt collection

lawsuits without the documentation necessary to prove ownership of the loans being

collected upon.

37.     Based on pre-suit investigation of NCO's and TSI's practices in

administering a nationwide network of attorneys, Plaintiffs believe that it is likely that

after discovery they will be able to show that:

i.      As a TSI network firm, the law firm that filed the student loan debt

8

collection case against Plaintiff Alex Taylor in case no. 140415060 (hereafter Plaintiff Alex Taylor's collection case) acted on a contingent fee basis.

ii.    As a TSI network firm, the law firm that filed the Plaintiff Alex Taylor's collection case was not permitted to contact NCSLT 2007-1 directly for documents proving the Plaintiffs' indebtedness or NCSLT 2007-1's right to sue on the student loan.

iii.    TSI grades its network firms (including the firm in Plaintiff Alex Taylor's collection case) on, among other metrics, the rate at which they file suit against consumers, the speed with which judgments are entered, and the success in colleting those judgments.

iv.    TSI's support staff worked directly with non-attorney support staff at the law firm in Plaintiffs' case to, among other things, draft the pleading filed against the Plaintiff.

v.    The law firm that brought the debt collection action in Plaintiffs' case is a large debt collection law firm that has filed hundreds of cases in Utah on behalf of National Collegiate Student Loan Trusts.

vi.    The pleadings filed by this law firm against Utah consumers were based on preexisting templates which, except for the name of the alleged debtor and a few other variables have been auto-populated using the electronic data provided by NCO or TSI.

9

       vii.    National Student Loan Trust cases were routinely filed by this law

firm despite the fact that it lacked the documentation necessary to

show the trust's ownership of the loans being collected upon.

38.    Notwithstanding the pre-suit letter from NCSLT 2007-1 and American

Education Services referred to in paragraph 23  above advising Plaintiff that the loan in

Plaintiff Alex Taylor's collection case was fraudulent, TSI responded to the Plaintiff

Alex Taylor's repeated complaints to it that the loan being collected upon was

fraudulent by letters advising:

       i.    On August 15, 2015 that TSI was "unable to substantiate your claim

at this time."

       ii.    On September 27, 2016 that TSI was "unable to substantiate your

claim at this time."

       iii.    On January 20, 2017 that TSI was "unable to substantiate your

claim at this time."

       iv.    On August 20, 2018 that TSI was "unable to substantiate your claim

at this time."

39.    Mr. Uderitz put it most aptly when he stated: "It's fraud to try to collect

on loans that you don't own."[3]

40.    The acts and conduct of the defendants complained against in this lawsuit

---

[3] *As Paperwork Goes Missing, Private Student Loan Debts May Be Wiped Away*, N.Y.
Times, July 17, 2017, https://nyti.ms/2vvroKs.

were performed in large part through the John Doe Defendants, were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon Plaintiffs and/or were done in reckless disregard of the probability of causing Plaintiffs emotional distress, and these acts and conduct did in fact result in severe and extreme emotional distress.

41.     Plaintiffs as a direct and proximate result of the Defendants' acts alleged herein have incurred severe emotional distress as a result of that conduct. For this harm Plaintiffs request actual damages in an amount to be proven at trial.

42.     The aforesaid conduct of the Defendant Doe officers, managing agents and individuals was undertaken on behalf of the Defendants NCSLT 2007-1, NCO and TSI, which due to the pattern and practice of these Doe Defendants in routinely failing or refusing to use due diligence in determining whether NCSLT 2007-1 had standing to prosecute a claim against an alleged student loan borrower, had advance knowledge of the actions and conduct of said individuals and ratified such acts and conduct. In perpetrating those acts and failing to make prompt, fair and diligent investigation of Plaintiff Alex Taylor's identity theft complaints these Defendants, and each of them, acted recklessly and with conscious disregard of the rights of Plaintiffs and did so in an oppressive and despicable manner, all of which warrants the imposition of punitive damages in an amount sufficient to punish Defendants, and each of them, and deter them and others from engaging in similar wrongful conduct in the future.

### FIRST CAUSE OF ACTION – UCSPA DECLARATORY & INJUNCTIVE RELIEF
(Void Judgment)

43.     Plaintiff Alex Taylor re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

44.     At all time material to the Plaintiffs' claims the Defendant NCSLT 2007-1 was a supplier within the meaning of the Utah Consumer Sales Practices Act, *Utah Code Ann.* § 13-11-1 et seq. (UCSPA).

45.     At all time material to the Plaintiffs' claims the Defendant NCO was a supplier within the meaning of the UCSPA.

46.     At all time material to the Plaintiffs' claims the Defendant TSI  was a supplier within the meaning of the UCSPA.

47.     At all times material to the Plaintiffs' claims the student loan and the enforcement of that loan against the Plaintiff Alex Taylor concerned a consumer transaction within the meaning of the UCSPA.

48.     Plaintiff Alex Taylor was never a party to the fraudulent loan, and because the Plaintiff Alex Taylor was never a party to that transaction, NCSLT 2007-1 could not suffer an injury due to the Plaintiff Alex Taylor's non-existent conduct, so that the entry of default judgment against the Plaintiff Alex Taylor did not redress the Defendant NCSLT 2007-1's alleged injury.

49.     Consequently, NCSLT 2007-1 never had standing to prosecute case no. 140415060 against the Plaintiff Alex Taylor, meaning that the Court could not assert its

jurisdiction over the subject matter alleged in case no. 140415060, thus rendering the judgment entered in that collection action void for lack of subject matter jurisdiction.

50.     Alternatively, on information and belief, NCSLT 2007-1 never acquired ownership of the student loan which is the subject of the collection action in case no. 140415060, and so had no standing to bring that collection action, thereby rendering the judgment entered in the collection action void.

51.     Consequently, NCSLT 2007-1 never had standing to bring the Plaintiff Alex Taylor's collection case, meaning that the Court could not assert its jurisdiction over the subject matter alleged in the collection case, thus rendering the judgment entered in the collection action void for lack of subject matter jurisdiction.

52.     Alternatively, NCSLT 2007-1's Complaint in case no. 140415060 failed to state a claim against the Plaintiff Alex Taylor, meaning default judgment could not be entered against the Plaintiff Alex Taylor in that case.

53.     Based on the foregoing, Plaintiff seeks a declaration from this Court pursuant to *Utah Code Ann.* § 13-11-19(1)(a) and *Utah R. Civ. P.* 60(b)(6) that:

        i. NCSLT 2007-1 lacked standing to prosecute case no. 140415060;

        ii. due to NCSLT 2007-1's lack of standing the district court could not exercise its subject matter jurisdiction over NCSLT 2007-1's claims against the Plaintiff Alex Taylor;

13

iii.  the default judgment entered in case no. 140415060 is void and must

be set aside as void;

iv. NCSLT 2007-1 failed to state a contract date in the complaint in case no.

1401415060, meaning NCSLT 2007-1 failed to state a claim upon which default

judgment could be entered;

v.  in this independent action, the Plaintiff Alex Taylor is entitled to relief

from the default judgment under rule 60(b)(6).

54.    As well, Plaintiff Alex Taylor seeks injunctive relief pursuant to *Utah Code Ann.* § 13-11-19(1)(b) requiring that:

i.    the Defendants disgorge all amounts collected from the Plaintiff

Alex Taylor as a result of the default judgment entered in case no. 140415060;

ii.    the Defendants cease all efforts to enforce the default judgment

entered in case no. 140415060, and that they cease all efforts to collect from the Plaintiff

Alex Taylor amounts owing on the student loan;

iii.    that the Defendants not report the alleged student loan account to

any credit reporting agency as the Plaintiff Alex Taylor's obligation;

iv.    that the Defendants not purport to transfer, convey, set over, or

assign their "rights" in the student loan account allegedly owed by the Plaintiff Alex

Taylor to any other person or entity;

v.     that the Defendants correct their own internal records to show that

the Plaintiff Alex Taylor is not obligated on the alleged student loan.

55.     Under the UCSPA Plaintiff Alex Taylor is entitled to an award of attorney

fees for prosecuting his claim for declaratory and injunctive relief.

### SECOND CAUSE OF ACTION – FRAUD UPON THE COURT
### (Judgment obtained with knowledge of forgery or fraud)

56.     Plaintiff Alex Taylor re-alleges and incorporates the preceding paragraphs

of his complaint as if specifically restated herein.

57.     NCSLT 2007-1 and TSI prosecuted the collection action in case no.

140415060  to judgment against the Plaintiff Alex Taylor all the while knowing that:

i.     the student loan for which NCSLT 2007-1 claimed was the product

of forgery or fraud, that is, Plaintiff Alex Taylor asserts (on information and belief) that

NCSLT 2007-1 knew either directly or through its servicing agent AES that the Plaintiff

Alex Taylor had not signed the student loan documents which created the obligation for

which NCSLT 2007-1 claimed in the collection action, that Plaintiff Alex Taylor was not

a party to those student loan documents, meaning that Plaintiff Alex Taylor had not

benefitted from or received any of the proceeds of that student loan; or

ii.     NCSLT 2007-1 did not own the student loan which was the subject

15

of the collection action in case no. 140415060. In particular, at all times material to the Plaintiffs' claims NCSLT 2007-1, NCO and TSI knew or should have known NCSLT 2007-1 did not have the chain of assignment documents necessary to establish that it acquired the student loan from the originator of the student loan, JP Morgan Chase Bank, N.A., and so NCSLT 2007-1, NCO and TSI knew or should have known NCSLT 2007-1 did not have the standing necessary to bring the claims against Plaintiff Alex Taylor prosecuted in case no. 140415060.

58.     By reason of the foregoing NCSLT 2007-1, NCO and TSI committed a fraud upon the court by prosecuting their claims against the Plaintiff Alex Taylor in case no. 1404015060, and Plaintiff Alex Taylor is entitled to the exercise of this Court's equitable powers to vacate the default judgment entered against the Plaintiff in case no. 140415060, and to actual, compensatory, general, and punitive damages from those defendants.

### THIRD CAUSE OF ACTION--INVASION OF PRIVACY
### (By Intrusion upon Seclusion)

59.     Plaintiffs incorporate the allegations plead in the preceding and subsequent paragraphs of this complaint.

60.     At all times material to the Plaintiffs' claims they shared and operated a single household, made joint financial contributions to the care, upkeep and maintenance of their household, for their direct and immediate mutual benefit and the

16

direct and immediate benefit of their minor children.

61.    Defendants NCSLT 2007-1, NCO, TSI,  and Does I through X intentionally interfered, and each of them physically or otherwise interfered, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff Alex Taylor and the Plaintiff Nallely Taylor, namely, by repeatedly and unlawfully attempting to collect a debt which was not owed by the Plaintiff Alex Taylor, thereby invading Plaintiffs' privacy.

62.    In particular, the Defendants NCSLT 2007-1, NCO and TSI, and Does I through X engaged in a course of conduct, recited in the above paragraphs stating the factual allegations of their misconduct which violated Plaintiffs' right to financial and other privacy, and which so hounded the Plaintiff Alex Taylor that it became a substantial burden to the Plaintiffs' existence, which course of conduct included:

i.    Commencing a legal action against the Plaintiff Alex Taylor even through the Defendants knew or should have known that the Plaintiff Alex Taylor was not a party to the student loan transaction for which they brought their action to recover in case no. 140415060.

ii.    Commencing a legal action against the Plaintiff Alex Taylor even through the Defendants knew or should have known that they did not have the documents to prove that NCSLT 2007-1 owned the student loan account for which they brought their action to recover in case no. 140415060.

17

iii.     Serving process on the Plaintiff Alex Taylor at his home to collect on a debt that was not owed by the Plaintiff Alex Taylor or that was not owned by the Defendant NCSLT 2007-1;

iv.     Taking a default judgment on a debt that was not owed by the Plaintiff Alex Taylor, that was not owned by the Defendant NCSLT 2007-1, or for which NCSLT 2007-1 failed to state a claim, and then demanding payment on that default judgment;

v.     Repeatedly garnishing the Plaintiff Alex Taylor's wages, thus causing the Plaintiffs extreme financial hardship, humiliation, embarrassment, anxiety, and upset;

63.     The course of conduct stated above, and each act in that course of conduct, by each of these Defendants, constituted:

i.     an intentional intrusion by each of them into the Plaintiffs' seclusion and privacy;

ii.     a substantial intrusion by each of them into the Plaintiffs' seclusion and privacy.

iii.     The Defendants intentionally caused harm to Plaintiffs' emotional well being by engaging in highly offensive conduct by collecting on a debt which they knew or should have known was not the Plaintiff Alex Taylor's, and in the course of

18

collecting this debt intentionally caused harm to Plaintiffs' emotional well being, thereby invading and intruding upon Plaintiffs' right to privacy.

64.     Plaintiffs had and have a reasonable expectation of privacy in their solitude, seclusion, and or private concerns or affairs.

65.     These intrusions and invasions by the Defendants recited above occurred in a way that would be highly offensive to a reasonable person in that position.

66.     As a result of the Defendants's invasion of Plaintiffs' privacy, Plaintiffs, and each of them, are entitled to actual, consequential, and general damages in an amount to be determined at trial from each and every one of those Defendants.

### FOURTH CAUSE OF ACTION – UCSPA VIOLATIONS
### (Violations of *Utah Code Ann.* § 13-11-4(2))

67.     Plaintiff Alex Taylor re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

68.     Defendants, and each of them, violated the UCSPA, *Utah Code Ann.* § 13-11-4(2) (and by opposing the within action, Defendants again violate the UCSPA), by intentionally or knowingly:

      i.     Asserting that the Plaintiff Alex Taylor was obligated on the student loan debt when he was not;

      ii.     Asserting that they had standing to bring the student loan action against the Plaintiff Alex Taylor when they did not.

19

69.    The Defendant TSI violated the UCSPA, *Utah Code Ann.* § 13-11-4(2) by repeatedly asserting that it was without sufficient information to determine whether the Plaintiff Alex Taylor was a victim of identity theft (and by asserting the same response in this action, TSI again violates the UCSPA).

70.    Plaintiff Alex Taylor is entitled to the greater of statutory or actual damages from each of the Defendants for each of their violations of the UCSPA, as well as attorney fees as provided for by statute.

### FIFTH CAUSE OF ACTION – COMMUNICATIONS FRAUD
### (Lack of standing and fraud upon the court)

71.    Plaintiff Alex Taylor re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

72.    In prosecuting NCSLT 2007-1's clams against the Plaintiff Alex Taylor in case no. 140415060 the Defendant TSI engaged in communications fraud within the meaning of *Utah Code Ann.* § 76-10-1801, thus making those Defendants liable to the Plaintiff Alex Taylor under *Utah Code Ann.* § 78B-6-1801.

73.    Among other things, TSI's communications fraud included its repeated representations (made intentionally, knowingly, or with reckless disregard for the truth) to the Plaintiff Alex Taylor that:

i.    TSI was unable to substantiate his assertions that the student loan debt upon which it was collecting was not his;

ii.    TSI was lawfully authorized to collect, on behalf of NCSLT 2007-1,

20

the alleged student loan debt from the Plaintiff Alex Taylor.

74.     At all times material to the Plaintiff Alex Taylor's clams TSI was the duly authorized agent of NCSLT 2007-1, had apparent authority to act for NCSLT 2007-1, or NCSLT 2007-1 ratified the acts of TSI, thus making NCSLT 2007-1 liable for TSI's communications fraud stated above.

75.     Based on the foregoing, the Plaintiff Alex Taylor is entitled to recover from NCSLT 2007-1 and TSI actual damages, compensatory damages, punitive damages, attorney fees and costs as provided for by *Utah Code Ann.* § 78B-6-1801.

### SIXTH CAUSE OF ACTION – UNJUST ENRICHMENT
### (Lack of standing and fraud upon the court)

76.     Plaintiff Alex Taylor re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

77.     As has been previously stated, the Defendants either knew (or should have known) that the student loan which was the subject of the collection action in case no. 140415060 had been fraudulently obtained and that Plaintiff Alex Taylor was not a party to that student loan, or the Defendants knew that NCSLT 2007-1 did not own that student loan (through assignment from the loan's originator, Chase Bank, N.A.) and so in either case knew that NCSLT 2007-1 did not have standing to prosecute its claims against Plaintiff Alex Taylor in case no. 140415060.

78.     As a direct and immediate consequence of the default judgment in the

21

collection action Plaintiff Alex Taylor has been compelled to confer benefits on NCSLT 2007-1 in the form of the funds garnished from the Plaintiff's funds.

79.     The recovery and retention by NCSLT 2007-1 of the benefits paid by the Plaintiff Alex Taylor is inequitable due to NCSLT 2007-1's lack of standing, due to its knowledge of the fraudulent nature of the student loan documents founding its claim in the collection action, and due to its failure to state a claim entitling it to the entry of default judgment against the Plaintiff Alex Taylor.

80.     Consequently, to remedy the unjust enrichment NCSLT 2007-1 has received from the Plaintiff Alex Taylor, he is entitled to damages from NCSLT 2007-1 in the amount of that unjust enrichment.

### SEVENTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Lack of standing and fraud upon the court)

81.     Plaintiff Alex Taylor and Nallely Taylor re-allege and incorporate the preceding paragraphs of his complaint as if specifically restated herein.

82.     In obtaining a default judgment against the Plaintiff Alex Taylor and then garnishing his wages the Defendants intentionally inflicted emotional distress on the Plaintiffs, and each of them; that is, any reasonable person would have known that in bringing an action against the Plaintiff Alex Taylor on a debt which he did not owe, and which the Defendant NCSLT 2007-1 could not prove it owned, that obtaining a default

22

judgment against the Plaintiff Alex Taylor in that debt collection action, and then garnishing the Plaintiff Alex Taylor's wages would result in the Plaintiff Alexander Taylor and the Plaintiff Nallely Taylor experiencing severe emotional distress.

83.    The Defendants' action in collecting a debt from the Plaintiff Alex Taylor which NCSLT 2007-1 did not own and which the Defendant Alex Taylor did not owe, and the fact that Defendants conduct in case no. 140415060 was part of a larger pattern of their intentionally collecting, on information and belief, thousands of student loan debts NCSLT 2007-1 could not prove it owned, means that Defendants' actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality.

84.    As a result of the Defendants' intentional infliction of emotional distress on the Plaintiffs, Plaintiffs are entitled to actual, consequential, and general damages in an amount to be determined at trial from each and every one of these Defendants.

EIGHTH CAUSE OF ACTION – CIVIL CONSPIRACY
(Fraud upon the court, Invasion of Privacy, Intentional Infliction of Emotional Distress,, UCSPA violations)

85.    Plaintiffs re-allege and incorporate the preceding paragraphs of his complaint as if specifically restated herein.

86.    Upon information and belief, NCSLT 2007-1, NCO, TSI, and the Defendant Does (collectively the Conspirators) acted in concert for the purpose of prosecuting the collection action when they knew NCSLT 2007-1 lacked standing or

23

they knew that the loan documents upon which NCSLT 2007-1 based its claims against the Plaintiff in the collection action were fraudulent.

87.     The Conspirators acted in concert together to, among other things,  invade the Plaintiffs' privacy and intentionally inflict emotional distress on the Plaintiffs.

88.     The Conspirators acted in concert together to, among other things, violate the Plaintiff Alex Taylor's rights under the UCSPA, perpetrate a fraud upon the Court, and unjustly enrich themselves at the Plaintiff Alex Taylor's expense.

89.     During their prosecution of the collection action the Conspirators engaged in overt acts in furtherance of their conspiracy including filing the collection action, prosecuting the collection action, entering the default judgment against the Plaintiff Alex Taylor, and garnishing the Plaintiff Alex Taylor's funds.

90.     As a result of the Conspirators wrongful acts, Plaintiffs have incurred actual, general, and consequential damaged in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

A.     On Plaintiff Alex Taylor's First Claim for Relief for a declaratory judgment stating that the Plaintiff Alex Taylor was never a party to the student loan obligation, that the Defendant NCSLT 2007-1 never owned the student loan or was incapable of

24

proving it owned the student loan, that the default judgment entered against the Plaintiff Alex Taylor in the collection action is void, that the default judgment must be set aside as void, that the default judgment must be set aside because NCSLT 2007-1 failed to state a claim, and for injunctive relief requiring that:

      i.      the Defendants disgorge all amounts collected from the Plaintiff Alex Taylor as a result of the default judgment entered in case no. 140415060;

      ii.     the Defendants cease all efforts to enforce the default judgment entered in case no. 140415060, and that they cease all efforts to collect from the Plaintiff Alex Taylor amounts owing on the student loan;

      iii.    that the Defendants not report the alleged student loan to any credit reporting agency as the Plaintiff Alex Taylor's obligation;

      iv.    that the Defendants not purport to transfer, convey, set over, or assign their "rights" in the alleged student loan to any other person or entity;

      v.     that the Defendants correct their own internal records to show that the Plaintiff Alex Taylor is not obligated on the alleged student loan.

      B.     On Plaintiff Alex Taylor's Second Claim for Relief for a decree in equity vacating the default judgment in the collection action and ordering the refund of all sums collected from the Plaintiff Alex Taylor.

25

C.      On Plaintiffs Alex and Nallely Taylors' Third Claim for Relief for Invasion
of Privacy by Intrusion Upon Seclusion, for a judgment against the Defendants TSI,
NCO, NCSLT 2007-1 and the Defendant Does I through X for the actual, compensatory,
direct, and consequential damages resulting from their wrongful acts in an amount to
be proven at the trial of the within action, but in excess of $300,000.00.

D.      On Plaintiff Alex Taylor's Fourth Claim for Relief for violation of the
UCSPA for the greater of actual or statutory damages from each defendant for each
violation, plus reasonable attorney fees, costs.

E.      On Plaintiff Alex Taylor's Fifth Claim for Relief, judgment against TSI for
its communications fraud, including actual, compensatory damages of three times
actual damages, punitive damages, attorney fees, and costs.

F.      On Plaintiff Alex Taylor's Sixth Claim for Relief, judgment against
NCSLT 2007-1 for its unjust enrichment in an amount to be proven at trial.

G.      On Plaintiffs' Seventh Claim for Relief for Intentional Infliction of
Emotional Distress, for a judgment against the Defendants NCO, TSI, NCSLT 2007-1
and the Defendant John Does I through X for the actual, compensatory, direct, and
consequential damages resulting from their wrongful acts in an amount to be proven at
the trial of the within action, but in excess of $300,000.00.

H.      On Plaintiffs' Eight Claim for Relief for Civil Conspiracy, for a judgment

26

against the Defendants NCO, TSI, NCSLT 2007-1 and the Defendant John Does I

through X for the actual, compensatory, direct, and consequential damages resulting

from their wrongful acts in an amount to be proven at the trial of the within action, but

in excess of $300,000.00.

     I.     For pre and post judgment interest as provided for by statute on all

claims.

     J.     For an award of punitive damages.

     K.     For an award of attorney fees and costs to the Plaintiff as allowed for by

statute and law.

     L.     For such further and other relief as to this Honorable Court may seem

mete in the premises.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

DATED this 26th day of November, 2018.

                                ___/S/ Ronald Ady_____
                                RONALD ADY
                                RONALD ADY, PLLC
                                8 East Broadway, Ste. 725
                                Salt Lake City, UT 84111
                                (801) 746-3500
                                (801) 746-3501 fax
                                adyr@80law.com
                                Attorney for the Plaintiffs

27
