George W. Burbidge II, #6503
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
George.burbidge@chrisjen.com
*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALEX TAYLOR and NALLELY TAYLOR, <br><br> Plaintiffs, <br> vs. <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, TRANSWORLD SYSTEMS, INC., EGS FINANCIAL CARE, INC., fka NCO FINANCIAL SYSTEMS, INC., and JOHN DOES I through X, <br><br> Defendants. | **DEFENDANT, EGS FINANCIAL CARE, INC., fka NCO FINANCIAL SYSTEMS, INC.'s ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** <br><br> Case No: 2:19-cv-00120-EJF <br><br> Magistrate Judge Evelyn J. Furse |

Defendant, EGS Financial Care, Inc., fka NCO Financial Systems, Inc. ("NCO"), submits this Answer and Affirmative Defenses to the Amended Complaint filed by plaintiffs, Alex Taylor and Nallely Taylor (plaintiffs) and states:

**PARTIES, JURISDICTION, AND VENUE**

1.  NCO denies the allegations in ¶ 1 for lack of knowledge or information

1

sufficient to form a belief therein.

2. NCO denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein.

3. NCO denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein.

4. NCO admits the allegations in ¶ 4 upon information and belief.

5. NCO denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein.

6. NCO denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7. NCO denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8. NCO denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. NCO admits the allegations in ¶ 9.

10. NCO denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. NCO denies the allegations in ¶ 11 as written.

12. NCO denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13. NCO denies the allegations in ¶ 13 as written.

14. NCO denies the allegations in ¶ 14 as written.

15. NCO denies the allegations in ¶ 15 as written.

16. NCO denies the allegations in ¶ 16 as calling for a legal conclusion NCO leaves all matters of jurisdiction to the Court.

17. NCO denies the allegations in ¶ 17 as calling for a legal conclusion. NCO leaves all matters of venue to the Court.

18. The allegations in ¶ 18 are not directed towards NCO and do not require an affirmative response. To the extent a response is required, NCO denies the allegations in ¶ 18.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

19. NCO admits that a student loan in plaintiff Alex Taylor's name was applied for and approved. Except as specifically admitted, denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20. NCO admits that a student loan in plaintiff Alex Taylor's name was applied for and approved and $30,000 was disbursed. Except as specifically admitted, denies the

allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.

21. NCO denies the allegations in ¶ 21.

22. NCO denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23. NCO denies the allegations in ¶ 23.

24. NCO admits a lawsuit was filed against plaintiff Alex Taylor on the date and bearing the case number stated. Except as specifically admitted, the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25. The docket of Case No. 140415060 speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

26. NCO admits the allegations in ¶ 26.

27. NCO denies the allegations in ¶ 27.

28. NCO denies the allegations in ¶ 28.

29. NCO denies the allegations in ¶ 29.

30. NCO denies the allegations in ¶ 30 for lack of knowledge or information sufficient to form a belief therein.

31. NCO denies the allegations in ¶ 31 for lack of knowledge or information

sufficient to form a belief therein.

32. NCO denies the allegations in ¶ 32 for lack of knwoeldge or information sufficient to form a belief therein.

33. The July 17, 2017 New York Times article speaks for itself and is the best evidence of itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied. In further response, NCO denies all allegations of wrongdoing.

34. The Consent Order in Administrative Proceeding 2017-CFPB-0018 speaks for itself and is the best evidence of itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied. In further response, NCO denies all allegations of wrongdoing.

35. The Preamble of the Consent Order speaks for itself and is the best evidenc of itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied. In further response, NCO denies all allegations of wrongdoing.

36. The Consent Order in Administrative Proceeding 2017-CFPB-0018 speaks for itself and is the best evidence of itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied. In further response, NCO denies

all allegations of wrongdoing.

37. NCO denies the allegations in ¶ 37, including its subparts (i) through (vii).

38. NCO denies the allegations in ¶ 38 as written.

39. The quote in the July 17, 2017 New York Times article speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied. In further response, NCO denies all allegations of wrongdoing.

40. NCO denies the allegations in ¶ 40.

41. NCO denies the allegations in ¶ 41.

42. NCO denies the allegations in ¶ 42.

**FIRST CAUSE OF ACTION – UCSPA DECLARATORY & INJUNCTIVE RELIEF** (Void Judgment)

43. NCO reasserts the foregoing as if fully stated herein.

44. NCO denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

45. NCO denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

46. NCO denies the allegations in ¶ 46 as calling for a legal conclusion

47. NCO denies the allegations in ¶ 47 as calling for a legal conclusion.

48. NCO denies the allegations in ¶ 48.

49. NCO denies the allegations in ¶ 49.

50. NCO denies the allegations in ¶ 50.

51. NCO denies the allegations in ¶ 51.

52. NCO denies the allegations in ¶ 52.

53. NCO denies that plaintiff is entitled to the relief sought, including subparts (i) through (v).

54. NCO denies that plaintiff is entitled to the relief sought, including subparts (i) through (v).

55. NCO denies that plaintiff is entitled to the relief sought.

## SECOND CAUSE OF ACTION – FRAUD UPON THE COURT

(Judgment obtained with knowledge of forgery or fraud)

56. NCO reasserts the foregoing as if fully stated herein.

57. NCO denies the allegations in ¶ 57, including subparts (i) through (ii).

58. NCO denies the allegations in ¶ 58.

## THIRD CAUSE OF ACTION – INVASION OF PRIVACY
(By Intrustion upon Seclusion)

59. NCO reasserts the foregoing as if fully stated herein.

60. NCO denies the allegations in ¶ 60 for lack of knowledge or information

7

sufficient to form a belief therein.

61. NCO denies the allegations in ¶ 61.

62. NCO denies the allegations in ¶ 62, including subparts (i) through (v).

63. NCO denies the allegations in ¶ 63, including subparts (i) through (iii).

64. NCO admits plaintiff has a reasonable expectation of privacy, but denies any violations of plaintiff's privacy.

65. NCO denies the allegations in ¶ 65.

66. NCO denies the allegations in ¶ 66.

### FOURTH CAUSE OF ACTION – UCSPA VIOLATIONS
(Violations of Utah Code Ann. § 13-11-4(2))

67. NCO reasserts the foregoing as if fully stated herein.

68. NCLST denies the allegations in ¶ 68, including its subparts (i) through (ii).

69. NCO denies the allegations in ¶ 69.

70. NCO denies that plaintiff is entitled to the relief sought.

### FIFTH CAUSE OF ACTION – COMMUNICATIONS FRAUD
(Lack of standing and fraud upon the court)

71. NCO reasserts the foregoing as if fully stated herein.

72. NCO denies the allegations in ¶ 72.

73. NCO denies the allegations in ¶ 73, including its subparts (i) through (ii).

74. NCO denies the allegation in ¶ 74 as stated.

75. NCO denies the allegations in ¶ 75.

### SIXTH CAUSE OF ACTION – UNJUST ENRICHMENT
(Lack of standing and fraud upon the court)

76. NCO reasserts the foregoing as if fully stated herein.

77. NCO denies the allegations in ¶ 77.

78. NCO denies the allegations in ¶ 78 as stated.

79. NCO denis the allegations in ¶ 79.

80. NCO denies the allegations in ¶ 80.

### SEVENTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - (Lack of standing and fraud upon the court)

81. NCO reasserts the foregoing as if fully stated herein.

82. NCO denies the allegations in ¶ 82.

83. NCO denies the allegations in ¶ 83.

84. NCO denies the allegations in ¶ 84.

### EIGHTH CAUSE OF ACTION – CIVIL CONSPIRACY
(Fraud upon the court, Invasion of Privacy, Intentional Infliction of Emotional Distress, UCSPA violations)

85. NCO reasserts the foregoing as if fully stated herein.

86. NCO denies the allegations in ¶ 86.

87. NCO denies the allegations in ¶ 87.

88. NCO denies the allegations in ¶ 88.

89. NCO denies the allegations in ¶ 89.

90. NCO denies the allegations in ¶ 90.

## PRAYER FOR RELIEF

91. NCO denies that plaintiff is entitled to the relief sought, including its subparts (A) through (L).

## NCO'S AFFIRMATIVE DEFENSES

1. To the extent any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2. Plaintiffs have suffered no actual damages or injury in fact as a result of NCO's purported violations and accordingly lacks standing.

3. One or more claims asserted by plaintiffs are barred by the statute of limitations, laches, estoppel, wavier, or unclean hands.

4. Assuming plaintiffs suffered any damages, they have failed to mitigate their damages or take other reasonable steps to avoid or reduce their damages.

5. Any harm suffered by plaintiffs was legally and proximately caused by

persons or entities other than NCO and were beyond the control or supervision of NCO or for whom NCO was and is not responsible or liable.

6. One or more of the Counts in the Complaint fail to state a claim against NCO upon which relief may be granted.

7. One or more of the Counts in the Complaint are res judicata of the judgement entered in the Third District Court, State of Utah, Case No. 140415060.

WHEREFORE, Defendant, EGS Financial Care, Inc., fka NCO Financial Systems, Inc. requests the Court dismiss this action with prejudice and grant it relief that the Court deems appropriate.

DATED this 5th day of March, 2019.

CHRISTENSEN & JENSEN, P.C.

/s/ 
GEORGE W. BURBIDGE II
*Attorney for Defendant, National Collegiate Student Loan Trust 2007-1*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2019, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the District of Utah and served via CM/ECF which sent notification to the following:

Ronald Ady, Esq.
Debt Defense Utah
8 E. Broadway, Ste 725
Salt Lake City, UT 84111

/s/ Katy Goddard