RONALD ADY  (USB 3694)
RONALD ADY, PLLC
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiffs

FILED
2019 JUN 17 AM 10:16
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALEX TAYLOR and NALLELY TAYLOR,<br><br>Plaintiffs,<br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, TRANSWORLD SYSTEMS, INC., EGS FINANCIAL CARE, INC. fka NCO Financial Systems, Inc. and DOES I through X.<br><br>Defendants. | **PROTECTIVE ORDER**<br><br>**Case No. 2:19-cv-00120**<br><br>**Judge** Bruce Jenkins |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause,

IT IS HEREBY ORDERED THAT:

1.  Scope of Protection

This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced

informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

This Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

Nonparties may challenge the confidentiality of the information protected by this order by filing a motion to intervene and a motion to de-designate.

2. <u>Definitions</u>

(a) The term CONFIDENTIAL INFORMATION shall mean: (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other CONFIDENTIAL INFORMATION the disclosure of which to non-qualified

2

people subject to this Protective Order the producing party reasonably and in good faith believes would likely cause harm.

    (b) For entities covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the term CONFIDENTIAL INFORMATION shall include Confidential Health Information. Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information includes claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

      (1) names;

      (2) all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

      (3) all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

(4) telephone numbers;

(5) fax numbers;

(6) electronic mail addresses;

(7) social security numbers;

(8) medical record numbers;

(9) health plan beneficiary numbers;

(10) account numbers;

(11) certificate/license numbers;

(12) vehicle identifiers and serial numbers, including license plate numbers;

(13) device identifiers and serial numbers;

(14) web universal resource locators ("URLs");

(15) internet protocol ("IP") address numbers;

(16) biometric identifiers, including finger and voice prints;

(17) full face photographic images and any comparable images; and/or any other unique identifying number, characteristic, or code.

(e) The term TECHNICAL ADVISOR shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's CONFIDENTIAL INFORMATION for the purposes of providing expert advice or opinion. These persons include outside experts or consultants retained to provide

4

technical or other expert services such as expert testimony or otherwise provide expert assistance in trial preparation. Each party's TECHNICAL ADVISORS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case.

3. Disclosure Agreements

(a) Each receiving party's TECHNICAL ADVISOR shall sign a disclosure agreement in the form attached hereto as Exhibit A ("Disclosure Agreement"). Copies of the Disclosure Agreement signed by any person or entity to whom CONFIDENTIAL INFORMATION is disclosed shall be provided to the other party promptly after execution by email and ordinary mail.

(b) Any disclosure agreement executed by any person affiliated with a party shall be provided to any other party who, based upon a good faith belief that there has been a violation of this order, requests a copy.

(c) No party shall attempt to depose any TECHNICAL ADVISOR until such time as the TECHNICAL ADVISOR is designated by the party engaging the TECHNICAL ADVISOR as a testifying expert. In addition, if the engaging party chooses not to designate the TECHNICAL ADVISOR as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

4. Designation of Information

(a) Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL

5

INFORMATION, by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**

(b)     A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION by requesting in the 15 days after the completion of the deposition, that the reporter so designate the parts of the transcript the party wishes to deem confidential. During that 15 day period unless a non-disclosing party is privy to the information disclosed in the deposition as described in Part 9(d) below, that information shall be treated as CONFIDENTIAL INFORMATION by a non-disclosing party.

(c)     A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda, and all other papers sent to the court or to opposing counsel as containing CONFIDENTIAL INFORMATION when such papers are served or sent.

(d)     A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

(e)     The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION that is not entitled to such designation or which is generally available to the public. The parties shall designate only that part of a document or deposition that is

CONFIDENTIAL INFORMATION, rather than the entire document or deposition. For example, if a party claims that a document contains pricing information that is CONFIDENTIAL INFORMATION, the party will designate only that part of the document setting forth the specific pricing information as CONFIDENTIAL INFORMATION, rather than the entire document.

    5.    <u>Disclosure and Use of Confidential Information</u>

Information that has been designated CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated CONFIDENTIAL INFORMATION shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

    6.    <u>Qualified Recipients</u>

For purposes of this Order, "Qualified Recipient" means:

    (1)    Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

7

(2)     Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3)     Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4)     Any outside TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements in Paragraph 3 above;

(5)     Any witness during the course of discovery, so long as it is stated on the face of each document being disclosed to that witness that a document is designated CONFIDENTIAL INFORMATION and the party seeking disclosure provides advance notice to the party that produced the document;

(6)     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals agree in writing, pursuant to the Disclosure Agreement, to be bound by the terms of this Order.

(7)     In-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

(8)     The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes; and

8

(9) Representatives, officers, or employees of a party as necessary to assist outside counsel with this litigation.

7. <u>Use of Confidential Information</u>

(a) In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission, or other papers of any kind that are served or filed include another party's CONFIDENTIAL INFORMATION, the papers must be appropriately designated pursuant to paragraphs 4(a) and (b) and governed by DUCivR 5-3.

(b) All documents, including attorney notes and abstracts, that contain another party's CONFIDENTIAL INFORMATION shall be handled as if they were designated pursuant to paragraph 4(a) or (b).

(c) Documents, papers, and transcripts that are filed with the court and contain any other party's CONFIDENTIAL INFORMATION shall be filed in sealed envelopes and filed in accordance with DUCivR 5-3.

(d) In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of this Order by the party making the confidentiality assertion.

(e) Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this

action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL INFORMATION.

8. Inadvertent Failure to Designate

(a) In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 4, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b) It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

9. Challenge to Designation

(a) Any receiving party may challenge a producing party's designation at any time. A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

(b) Any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may request the producing party in writing to change the designation of a document or

10

documents, stating the reasons for that request. The producing party shall then have seven (7) days from the date of service of the request to:

        (i)     advise the receiving parties whether or not it persists in its designation; and

        (ii)    if it persists in its designation, to explain the reason for its designation of the document as CONFIDENTIAL INFORMATION and to state its intent to seek a protective order or any other order to maintain the designation.

    (c)    If no response is made within seven (7) days after service of the request under subparagraph (b), the information will be de-designated as requested by the receiving party. If, however, the request under subparagraph (b) above is responded to under subparagraph (b)(i) and (ii), within seven (7) days the producing party may then move the court for a protective order or any other order to maintain its designation. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within seven (7) days after the statement to seek an order under subparagraph (b)(ii), the information will be de-designated.. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(d) With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

(i) the information in question has become available to the public through no violation of this Order; or

(ii) the information was known to any receiving party prior to its receipt from the producing party; or

(iii) the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

10. <u>Inadvertently Produced Privileged Documents</u>

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-

12

client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

11.     Inadvertent Disclosure

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

12.     Limitation

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

13.     Conclusion of Action

(a)     At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation,

upon request, to destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION and to certify to the producing party such destruction or return. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b) After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's CONFIDENTIAL INFORMATION. Trial counsel's archive copy shall remain subject to all obligations of this Order.

(c) The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

14. <u>Production by Third Parties Pursuant to Subpoena</u>

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION. The parties agree that they will treat CONFIDENTIAL INFORMATION produced by third parties according to the terms of this Order.

15. <u>Compulsory Disclosure to Third Parties</u>

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks CONFIDENTIAL INFORMATION of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

16. <u>Jurisdiction to Enforce Protective Order</u>

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

17. <u>Modification of Protective Order</u>

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

18. <u>Confidentiality of Party's Own Documents</u>

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating

15

party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

SO ORDERED this 17th day of June, 2019.

_____
BRUCE S. JENKINS
U.S. SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALEX TAYLOR and NALLELY TAYLOR, <br><br> Plaintiffs, <br> v. <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, TRANSWORLD SYSTEMS, INC., EGS FINANCIAL CARE, INC. fka NCO Financial Systems, Inc. and DOES I through X. <br><br> Defendants. | DISCLOSURE AGREEMENT <br><br> **Case No. 2:19-cv-00120** <br><br> **Judge** Bruce Jenkins |

I, _____, am employed by _____. In connection with this action, I am:

_____ a director, officer or employee of _____ who is directly assisting in this action;

_____ have been retained to furnish technical or other expert services or to give expert testimony (a "TECHNICAL ADVISOR");

_____ Other Qualified Recipient (as defined in the Protective Order) (Describe:_____).

I have read, understand and agree to comply with and be bound by the terms of the Protective Order in the matter of

_____, Civil Action No. _____,

17

pending in the United States District Court for the District of Utah. I further state that the Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any CONFIDENTIAL INFORMATION, including documents, for any purpose not appropriate or necessary to my participation in this action or disclosing such documents or information to any person not entitled to receive them under the terms of the Protective Order. To the extent I have been given access to CONFIDENTIAL INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Protective Order to have access to such information, and (b) have executed a Disclosure Agreement. I will return, on request, all materials containing CONFIDENTIAL INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated. I agree to be bound by the Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the District of Utah for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement. I declare under penalty of perjury that the foregoing is true and correct.

                                                                                      _____
                                                                                      Signed by Recipient

                                                                                     _____
                                                                                     Name (printed)

                                                                                     Date: _____

APPROVED as to form and content
this 10th day of June, 2019:

RONALD ADY, PLLC


____/S/Ronald Ady_____
RONALD ADY, Attorney for the
Plaintiffs Alex and Nallely Taylor


APPROVED as to form and content
this 10th day of June, 2019:

SESSIONS, FISHMAN, NATHAN & ISRAEL


__/S/Michael Alltmont_____
MICHAEL ALLTMONT, Attorney
for the Defendants NCSLT 2007-1,
TRANSWORLD SYSTEMS, INC.,
EGS FINANCIAL CARE, INC.


APPROVED as to form and content
this 10th day of June, 2019:

CHRISTENSEN AND JENSEN


__/S/George Burbidge_____
GEORGE BURBIDGE, Attorney
for the Defendants NCSLT 2007-1,
TRANSWORLD SYSTEMS, INC.,
EGS FINANCIAL CARE, INC.