UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALEX TAYLOR and NALLELY TAYLOR | )<br>) |
| Plaintiffs, | )<br>) |
| | ) CASE NO.: 2:19-cv-00120-EJF |
| v. | )<br>) |
| NATIONAL COLLEGIATE STUDENT<br>LOAN TRUST 2007-1, TRANSWORLD<br>SYSTEMS, INC., EGS FINANCIAL<br>CARE, INC., fka NCO FINANCIAL<br>SYSTEMS, INC., and JOHN DOES<br>I through X | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## DEFENDANTS' MOTION TO SANCTION PLAINTIFF, ALEX TAYLOR[1]

Defendants, National Collegiate Student Loan Trust 2007-1 ("NCSLT"), Transworld Systems Inc. ("TSI"), and EGS Financial Care, Inc., f/k/a NCO Financial Systems, Inc. ("EGS") (collectively, "Defendants"), submit the following Motion for Sanction plaintiff, Alex Taylor ("plaintiff"), for perjuring himself to this Court by claiming to be the victim of identity theft, but later admitting the truth that he in fact obtained the loan. Defendants request an award of attorney's fees and costs incurred to date as a sanction against plaintiff.[2]

---

[1] The instant Motion to Sanction Plaintiff Alex Taylor was originally incorporated into and filed with Defendants' Response to Court Order dated January 6, 2020. Docket No. 62. Pursuant to this Court's Deficiency Notice, Docket No. 63, the Motion to Sanction Plaintiff Alex Taylor is being filed herein as its own stand-alone motion under the "Motion for Sanctions" event. The content of the foregoing is substantially identical to that filed in Docket No. 62.

[2] Defendants are not seeking sanctions against plaintiff Nallely Taylor. However, she lacks standing as no collection attempts were directed at her.

# I. INTRODUCTION

Defendants are entitled to recover attorney's fees because plaintiff has deliberately misled the Court and perjured himself, asserting throughout this lawsuit that he was the victim of identity theft. Plaintiff now admits that was a lie, he incurred the Loan, received $30,000, and never paid it back. Accordingly, Defendants request their attorney's fees incurred to date for defending this entire matter because it is predicated upon a deliberate falsehood peddled by Taylor.

# II. PLAINTIFF PERJURED HIMSELF AND SHOULD BE SANCTIONED

NCSLT moves to recover its attorney's fees incurred to date pursuant to U.C.A. 1953 §§ 78B-5-825 and 78B-5-826. As the evidence shows, plaintiff's claims are meritless and brought in bad faith. Throughout these proceedings, plaintiff alleged he does not owe the Loan because it was the result of identity theft. ***However, plaintiff has now admitted that was untrue.*** Such conduct entitles NCSLT to attorney's fees pursuant to § 78B-5-825. Moreover, because the Credit Agreement allows NCSLT to recover attorney's fees, it can recover its fees expended for this action pursuant to § 78B-5-826. Accordingly, NCSLT is entitled to recover all of its attorney's fees incurred in defending this matter from plaintiff.

### *A. NCSLT Is Entitled To Attorney's Fees Because Taylor's Claims Are Completely Meritless And He Brought This Suit In Bad Faith*

The Utah Code requires a court to award reasonable attorney fees in a civil action to the prevailing party if the court determines that the action or defense to the action was without merit *or* not brought or asserted in good faith. § 78B-5-825; *see also Rocky Ford*

*Irrigation Co. v. Kents Lake Reservoir Co.*, 2019 WL 3049066 (Utah 2019) (holding the "without merit" and "lack of good faith" elements of a claim for statutory attorney fees are distinct and should not be conflated). To determine whether a claim is without merit for purposes of awarding attorney fees, courts look to whether it was frivolous or of little weight or importance having no basis in law or fact. *Kirkham v. Widdison*, 447 P.3d 89, 102 (Ut. App. 2019). It is not enough that a basis for law exists; "[r]ather, there must also be a factual basis for a party's claims." *Id.* To satisfy the bad faith element:

> [A] court must find that the plaintiff (1) lacked an honest belief in the propriety of the activities in question; (2) intended to take unconscionable advantage of others; or (3) had intent to, or knowledge of the fact that the activities in question will hinder, delay or defraud others.

*Id.* at 103.

***The instant suit is without merit because plaintiff admits he owes the Loan, incurred it himself, and his allegations to the contrary were patently false.*** The gravamen of plaintiff's claim is that he does not owe the Loan because it was fraudulently incurred as a result of identity theft. Moreover, as discussed in greater detail below, his explanation for why he originally claimed fraud does not pass muster.

In his First Amended Complaint, filed November 26, 2018, plaintiff alleged the Loan is the result of identity theft seventeen times. *See* Dkt. 3-1, ¶¶ 19 ("In November and December of 2006 an identify thief, using the plaintiff 's personal identifiers (including plaintiff's Social Security number and date of birth) subscribed to a student loan with JP Morgan Chase Bank, N.A."), 21 ("Plaintiff Alex Taylor never subscribed to the student loan"), 26, 42, 48 ("Plaintiff Alex Taylor was never a party to the fraudulent loan"), 57,

3

61, 62 (three times), 68, 69, 73, 77, 82, 86, 86.

Importantly, plaintiff identified an AES letter as purportedly confirming that there was fraud. *Id.* at ¶ 23 ("On or about March 18, 2014 NCSLT 2007-1, and American Education Services (AES), sent the Plaintiff Alex Taylor a letter advising that there was fraud or forgery associated with the student loan account.").

At the recent hearing, plaintiff's attorney, Ronald Ady, explained the fraud allegation was based upon the aforementioned AES letter. *See* **Exhibit A**, Transcript at pp. 8-9. Mr. Ady explained plaintiff mistook his claims regarding the subject Loan with a different loan "until we got documents and initial disclosures from the defendants in this case[.]" *Id.*

Plaintiff's explanation is disingenuous. Plaintiff knows he took out the Loan made the subject of this lawsuit. He knows he signed the Credit Agreement and he knows he received a check for $30,000. That he may have received a letter from AES concerning a different loan does not excuse his false statements regarding this Loan *to this Court*. To be sure, the same Credit Agreement attached here as **Exhibit B** was presented to the trial court prior to obtaining the default judgment. Plaintiff now seeks to set aside the default judgment. Plaintiff cannot credibly argue identity theft in this lawsuit when he had an opportunity to review the documents attached to the subject lawsuit ***and those documents bore his signature***. Plaintiff's purported reliance on the AES letter was a red herring.[3]

Additionally, and perhaps worse, plaintiff *continued* to claim identity theft *after*

---

[3] Although this second loan is not subject of this matter, notably, similar fraud allegations were made which no appear to be patently false, but led to acquiescence in plaintiff's fraud allegations.

4

Defendants provided documents confirming the AES letter concerned a different loan. To be sure, on March 15, 2019, undersigned counsel emailed Mr. Ady with a short summary explaining "[t]he AES letter does not concern the loan made the subject of the instant lawsuit," and providing all of the documents for the Loan at issue in this lawsuit and the loan concerning the AES letter. *See* **Exhibit C**, March 15, 2019 emails.

*<u>Nevertheless, Plaintiff continued to allege identity theft after March 15, 2019</u>*.

On October 30, 2019, plaintiff filed his Motion to Amend First Amended Complaint. Docket No. 43. Plaintiff stated "[o]n December 7, 2006 JP Morgan Chase Bank, N.A. directly disbursed the $30,000.00 referred to in the loan agreement to an individual purporting to be Alexander J. Taylor[.]" *Id.*, p. 2. In his proposed Second Amended Complaint, plaintiff alleged "On or about November 28, 2006 an identify thief purporting to be Alexander Taylor subscribed to a student loan with JPMorgan Chase Bank, N.A.[.]" Docket No. 43-1, ¶ 19. In his proposed Second Amended Complaint plaintiff reasserts his identity theft claim an additional sixteen times. *See* Dkt. 43-1, ¶¶ 19, 28, 38, 65, 73, 82(i), 87(i), 87(iii), 87(iv), 93(i), 94, 98(i), 102, 107, 108.

Curiously, the proposed Second Amended Complaint omitted the reference to the AES letter (*see* First Amended Complaint, ¶ 23), but nevertheless continued to allege plaintiff was the victim of fraud. While it was bad enough for plaintiff to falsely allege identity theft in the first case, it is inexplicable that he would learn his purported reliance on the AES letter was flawed, but nevertheless continue to assert the same allegations of fraud in his proposed Second Amended Complaint.

There is no factual basis for plaintiff's claims the Loan was the result of identity

5

theft because plaintiff has admitted he received the Loan.

```
         19            THE COURT:  Well, there's no contest, as I
10:36:04 20     understand it, that he borrowed 30 thou.
         21            MR. ADY:  No, there's not.
```

*See* **Exhibit A**, January 6, 2020 Hearing Transcript, p. 15, lines 19-21.

The above-mentioned conduct and evidence shows that not only are plaintiff's claims meritless, but that they were also brought in bad faith. Plaintiff knew his claims of identity theft were nakedly false, and he nonetheless made them with the intent of defrauding NCSLT from money it was owed, which is unconscionable.

Somehow plaintiff made it even worse. Despite admittedly being in possession of evidence contradicting his claims and confessing that his allegations are indeed false, plaintiff continued to perjure himself to the Court and perpetuate the blatant lie that he did not incur the Loan. NCSLT is entitled to its attorney's fees incurred in defending this entire action.

### *B. NCSLT Is Entitled To Attorney's Fees and Costs Pursuant To The Reciprocal Fee Statute Because The Credit Agreement Allows for Attorney's Fees And Costs*

Under § 78B-5-826, the Reciprocal Fee Statute, "[a] court may award costs and attorney fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing . . . when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees." The statutory trigger for fee shifting is met when the provisions of a contract would have entitled at least one party to recover its fees had the party prevailed in a civil action based upon the contract. *Cross Marine Projects, Inc. v. Morton Salt, Inc.*, 2019, 396 F.Supp.3d 1037. Fee requests

under the reciprocal attorney fee statute *should* be honored unless compelling reasons exist otherwise. *Federated Capital Corp. v. Haner*, 2015, 351 P.3d 816, 787 Utah Adv. Rep. 24, 2015 UT App 132.

The terms of the Credit Agreement, the contract underlying this suit, state plaintiff agreed to pay NCSLT's attorney's fees incurred enforcing the Credit Agreement.

> 6. Other Charges - If any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, I will pay a late fee not exceeding $5.00 or 5% of the overdue payment amount, whichever is less. I will pay only one late fee for any (monthly) payment, regardless of the number of days it is late. To the extent permitted by law, I agree to pay you all amounts you incur in enforcing the terms of this Credit Agreement, including reasonable collection agency and attorney's fees and court costs and other collection costs.

**Exhibit B**, p.2 at § E(6). Moreover, in the event NCSLT prevailed on a breach of contract suit (which it already has once before), it would be entitled to attorney's fees. Now, for a second time, it must enforce the Credit Agreement and its right to collect from plaintiff. Moreover, based on plaintiff's false representations to the Court, there is no compelling reason to not award NCSLT its costs and fees. In fact, exceptionally compelling reasons exist to do just that. Accordingly, NCSLT is entitled to attorney's fees and costs for its defense of this matter.

### III. CONCLUSION

For the foregoing reasons, defendants, National Collegiate Student Loan Trust 2007-1, EGS Financial Care, Inc., f/k/a NCO Financial Systems, Inc., and Transworld Systems, Inc., ask this Court to sua sponte dismiss plaintiffs' claims in their entirety with prejudice, sanction plaintiff Alex Taylorfor perjury, and award Defendants all appropriate relief.

Dated:  January 29, 2020                    Respectfully submitted,

*/s/ Michael D. Alltmont*_____
Michael D. Alltmont (admitted pro hac)
Sessions, Fishman, Nathan, & Israel
3850 N. Causeway Blvd., Ste. 200
Metairie, La. 70002
Telephone: 504-846-7954
Facsimile: 504-828-3737

George W. Burbidge II, Esq.
Christensen & Jensen, P.C.
275 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone:  (801) 524-9380
Facsimile:  (801) 355-3472

Attorneys for Defendants,
National Collegiate Student Loan Trust
2007-1, EGS Financial Care, Inc., f/k/a
NCO Financial Systems, Inc. and
Transworld Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2020, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the District of Utah and served via CM/ECF to all counsel of record.

Ronald Ady, Esq.
Debt Defense Utah
8 E. Broadway, Ste 725
Salt Lake City, UT  84111

/s/ Michael D. Alltmont_____

Attorney

## WORD COUNT CERTIFICATE

I hereby certify that this document contains 1,904 words in its entirety.

/s/ Michael D. Alltmont_____

Attorney