# EXHIBIT A

```
                    IN THE UNITED STATES DISTRICT COURT

             FOR THE DISTRICT OF UTAH, CENTRAL DIVISION


10:14:16   _____
           ALEX TAYLOR, et al.,              )
                                             )
                         Plaintiffs,         )
                                             )
10:14:16         vs.                         ) Case No. 2:19-CV-120 BSJ
                                             )
           NATIONAL COLLEGIATE STUDENT       )
           LOAN TRUST 2007-1, et al.,        )
                                             )
10:14:16                 Defendants.         )
           _____)



10:14:16          BEFORE THE HONORABLE BRUCE S. JENKINS

                       DATE:  JANUARY 6, 2020

                  REPORTER'S TRANSCRIPT OF PROCEEDINGS

                          MOTION HEARING



10:14:16




10:14:16                          Reporter:  REBECCA JANKE, CSR, RMR
                                             (801) 521-7238
```

## A P P E A R A N C E S

FOR THE PLAINTIFF:     RONALD ADY, PLLC
                       BY:  RONALD ADY, ESQ.
                       8 EAST BROADWAY, SUITE 725
                       SALT LAKE CITY, UTAH 84111


FOR THE DEFENDANT:     SESSIONS, FISHMAN, NATHAN & ISRAEL
                       BY:  MICHAEL D. ALLTMONT, ESQ.
                       LAKEWAY TWO, SUITE 200
                       METAIRIE, LOUISIANA 70002

Page 8

1  MR. ADY: Pardon me?

2  THE COURT: Was it contested in his schedules?

3  MR. ADY: It didn't say disputed, but he
4  didn't -- they didn't check disputed.

10:24:03
5  THE COURT: Well, that's important.

6  MR. ADY: I don't believe it is, Your Honor. I
7  think he had 18 unsecured creditors, and he didn't dispute
8  any of them.

9  THE COURT: Well, I understand that. Maybe I'm
10:24:20
10  overly concerned, but hasn't he asserted in his pleadings
11  that he's not the guy?

12  MR. ADY: He has.

13  THE COURT: But yet, in 2009, in an uncontested
14  listing in his schedules, he shows them as a creditor, is
10:24:48
15  what you tell me, uncontested. Now he's either the guy or
16  he isn't the guy.

17  MR. ADY: I would have to say that he's the guy.
18  I think our position here on this motion is he is the guy.
19  He listed it in his bankruptcy schedules and --

10:25:17
20  THE COURT: Why is he then telling me he's not
21  the guy?

22  MR. ADY: Because in August of 2018, he got a
23  letter from American Educational Services, and we have the
24  letter. It said that the loan was obtained as a result of
10:25:43
25  fraud, and until we got documents and initial disclosures

|  |  |
|---|---|
| | 1 from the defendants in this case, we didn't realize |
| | 2 that -- or at least, there were two loans, two student |
| | 3 loans that were issued to Taylor at the same time. And |
| | 4 American Educational Services, which is the trade name for |
| 10:26:10 | 5 Pennsylvania Higher Education Systems Agency, which is the |
| | 6 entity that services these loans for TERII or did before |
| | 7 TERII disappeared, sent him that letter in August and said |
| | 8 the loan was obtained as a result of fraud. |
| | 9 And then, after the defendants produced their |
| 10:26:29 | 10 documents in this case, their initial disclosures, they |
| | 11 produced two sets of documents for two student loans. |
| | 12 There's one Taylor loan for 30,000. There's another |
| | 13 Taylor loan for 20,000, both issued out of -- at the same |
| | 14 time, approximately, through the same process, in relation |
| 10:26:58 | 15 to the -- apparently the same person. But AES said the |
| | 16 second loan for 20,000 was a fraudulent loan that was not |
| | 17 Taylor's loan. |
| | 18 On the basis of that, it was concluded that |
| | 19 having conflated the two loans together as one loan, when |
| 10:27:13 | 20 there were two, that the Taylor loan was fraudulent, that |
| | 21 AES was in fact saying that. |
| | 22 THE COURT: Who are they? |
| | 23 MR. ADY: American Educational Services is the |
| | 24 servicer on these loans. What happened was TERII and a |
| 10:27:35 | 25 company called First Marblehead Corporation set up this |

```
                                                                    15
             1   a second loan.  That's the other loan that Mr. Ady has
             2   been referring to.  He was the co-borrower on that loan.
             3   He claimed fraud on both of them.  And -- but we're not
             4   here on that loan.
10:34:45     5            THE COURT:  Well --
             6            MR. ADY:  We don't agree with the defendants that
             7   they have produced the assignment because the documents
             8   that they produced, the pool supplement, those documents
             9   refer to a schedule 1.  It's the schedule 1 that would
10:35:10    10   have Alexander Taylor's name on it, if his loan was
            11   included in the assignment.  And that's the Excel
            12   spreadsheet and that this document supposedly was
            13   extracted from.  And they have never produced the Excel
            14   spreadsheet with the 20,000 or so names on it.  They have
10:35:37    15   produced this document pursuant to the Court's order, but
            16   in looking at that document, it is not a forensically
            17   sound document.  The dates in it are inconsistent.  The
            18   metadata in it has been modified and --
            19            THE COURT:  Well, there's no contest, as I
10:36:04    20   understand it, that he borrowed 30 thou.
            21            MR. ADY:  No, there's not.
            22            THE COURT:  Okay.  And he did that when?
            23            MR. ADY:  December.  The loan document was filed
            24   November of 2006.
10:36:16    25            THE COURT:  Okay.
```

```
                                                              16

            1        THE COURT:  And he got the 30, less the fees?
            2        MR. ADY:  The loan origination fee was added on
            3   top of that.  But the question that we're here about today
            4   is whether the discharge injunction, the exception from
10:36:37    5   discharge that we have just been talking about, applies to
            6   this loan because he filed Chapter 7 bankruptcy in 2009.
            7        THE COURT:  In 2009.
            8        MR. ADY:  And so --
            9        THE COURT:  He listed them as an unsecured
10:36:54   10   creditor that wasn't contested.
           11        MR. ALLTMONT:  Your Honor, I would just like to
           12   jump in and make it abundantly clear that we did produce
           13   the excerpt of the schedule exactly as it exists in the
           14   schedule to Mr. Ady at the outset on this case.  He may
10:37:10   15   have some questions about the metadata, and he filed a
           16   motion to compel to get the whole list of 20,000, but we
           17   produced the documents specifically identifying
           18   Mr. Taylor's loan.
           19        MR. ADY:  The problem we have with that is they
10:37:24   20   have extracted the data.  It's on a -- it's simply a paper
           21   document or a PDF document that we have no way of testing
           22   the validity or reliability of, so that's why we said we
           23   would like the metadata to see when this document was
           24   created.
10:37:47   25        THE COURT:  When was it?
```

|  |  |
|---|---|
| | 1 student was enrolled. He's got to be enrolled as a |
| | 2 student and the funds are going to be used for that. And |
| | 3 the University of Nevada at Las Vegas has said: We have |
| | 4 no record of this student ever being enrolled at UNLV. |
| 11:04:03 | 5 In other words, the underwriting conditions |
| | 6 imposed by TERII, for their guarantee to operate, were |
| | 7 never fulfilled. There is another guarantee condition |
| | 8 that appears on its face. TERII said: We won't guarantee |
| | 9 a loan unless the loan is for the lesser of $30,000 or the |
| 11:04:23 | 10 actual costs of attendance. |
| | 11 And we believe -- we are requesting documents we |
| | 12 believe will show that the cost of attendance at UNLV in |
| | 13 2007 was much less than $30,000. |
| | 14 THE COURT: Did he attend? |
| 11:04:40 | 15 MR. ADY: No. |
| | 16 THE COURT: Did he go to school at all? |
| | 17 MR. ADY: No. |
| | 18 THE COURT: What did he use the money for? |
| | 19 MR. ADY: I don't know. The other -- but the |
| 11:04:48 | 20 other question that we have is, the TERII guarantee also |
| | 21 says you can't give a loan in the aggregate in any one |
| | 22 academic year, July 1, to June 30, in any academic year |
| | 23 for more than $30,000. They have produced documents |
| | 24 showing that Taylor was on two student loans for $50,000 |
| 11:05:15 | 25 that year, issued at the same time, one for 30, one for |

|          |    |                                                           |
|----------|----|-----------------------------------------------------------|
|          | 1  | the 21st, do it by the 31st if there's any, in the way of |
|          | 2  | paper documents.                                          |
|          | 3  | MR. ALLTMONT: And, Your Honor, I would ask for            |
|          | 4  | seven days to reply. I haven't seen what he's talking     |
| 11:20:24 | 5  | about.                                                    |

             MR. ALLTMONT: And, Your Honor, I would ask for seven days to reply. I haven't seen what he's talking about.

             THE COURT: We're talking about documents. We're talking about documents. This is what we have. This is physically what we have. We are not talking about argument. We are talking about documents. So I will assume you'll give me all of your documents when you file. And I assume if there are differing documents, you're welcome to file them, same format. Go from there.

             But I think your client needs to think about how consistent he is when his assertions originally were: I'm not the guy.

             You acknowledged today that he is the guy on 30,000. Okay. Thanks a lot. Appreciate your help.

             MR. ALLTMONT: Thank you, Your Honor.

             (Whereupon the proceedings were concluded.)

1
2                    REPORTER'S CERTIFICATE
3    STATE OF UTAH              )
4                               ) ss.
5    COUNTY OF SALT LAKE        )
6
7         I, REBECCA JANKE, do hereby certify that I am a
8    Certified Court Reporter for the State of Utah;
9         That as such Reporter I attended the hearing of
10   the foregoing matter on January 6, 2020, and thereat
11   reported in Stenotype all of the testimony and proceedings
12   had, and caused said notes to be transcribed into
13   typewriting, and the foregoing pages numbered 1 through 44
14   constitute a full, true and correct record of the
15   proceedings transcribed.
16        That I am not of kin to any of the parties and
17   have no interest in the outcome of the matter;
18        And hereby set my hand and seal this 15th day of
19   January, 2020.
20
21
22
23
24                              _____
25                              REBECCA JANKE, CSR, RPR, RMR