UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

_____

| | |
|---|---|
| ALEX TAYLOR and NALLELY TAYLOR | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CASE NO.: 2:19-cv-00120-EJF |
| v. | ) |
| | ) |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, TRANSWORLD SYSTEMS, INC., EGS FINANCIAL CARE, INC., fka NCO FINANCIAL SYSTEMS, INC., and JOHN DOES I through X | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANTS' REPLY**

Defendants, National Collegiate Student Loan Trust 2007-1 ("NCSLT"), Transworld Systems Inc. ("TSI"), and EGS Financial Care, Inc., f/k/a NCO Financial Systems, Inc. ("EGS") (collectively, "Defendants"), submit the following Reply to the opposition filed by plaintiffs, Alex Taylor and Nallely Taylor (Docket No. 106), and in further support of Defendants' Motion for Summary Judgment (Docket No. 86) (the "Motion").

Plaintiffs' opposition ignores the summary judgment evidence along with most of Defendants' Motion arguments. Importantly, plaintiffs *again* do *not* challenge that the documents produced in this case unequivocally establish the original lender, Chase Bank, N.A. ("Chase"), assigned the subject student loan to NCSLT via an intermediary on March 8, 2007. Indeed, plaintiffs' own documents include a letter from Chase *confirming* the

1

transfer. *See* Docket No. 97-1.  In the face of these incontrovertible facts, plaintiffs make evidentiary arguments that are equal parts hyper-technical and flawed.  Plaintiffs' opposition fails and defendants' Motion should be granted for at least 3 reasons.

**1. Plaintiffs' Claims Are Time-Barred**

Plaintiffs' claims are all based upon the allegation that NCSLT made fraudulent misrepresentations to the court in the First Lawsuit.  *See* Docket No. 86, p. 12.[1]  As established in the Motion, none of plaintiffs' claims were not timely brought.  In opposition, plaintiffs do *not* argue that their claims were timely brought; instead, plaintiffs contend the statute of limitations does not bar them from seeking in this action to set aside the default judgment.  Docket No. 106, p. 1.

Whether the statute of limitations applies to plaintiffs' request to set aside the default judgment is irrelevant to whether plaintiffs' claims under counts II through VIII for fraud, intrusion upon seclusion, the Utah Consumer Sales Practice Act, communications fraud, unjust enrichment, intentional infliction of emotional distress, and civil conspiracy are barred by the statute of limitations.  As established in the Motion, all such claims (counts II through VIII) are barred by the applicable statute of limitations and should be dismissed.

---

[1] Count II alleges Fraud Upon the Court.  Amended Complaint, ¶¶ 56-58.  Count III alleges Intrusion Upon Seclusion based upon false and fraudulent representations made through the legal process.  *Id*. at ¶ 62.  Count IV alleges Utah Consumer Sales Practice Act violations by making false representations (to the court) that Alex Taylor owed the debt and that NCSLT had standing. *Id*. at ¶¶ 68-69.  Count V alleges Communications Fraud for false and fraudulent representations. *Id*. at ¶¶ 73.  Count VI alleges Unjust Enrichment arising from the alleged fraud upon the court. *Id*. at ¶¶ 77-79.  Count VII alleges Intentional Infliction of Emotional Distress based upon alleged fraudulent representations in the collection lawsuit.  *Id*. at ¶ 83.  And Count VIII alleges Civil Conspiracy relating to the afore-mentioned fraud claims.  *Id*. at ¶ 87.

**2. Plaintiffs' Claims And Lack-of-Standing Arguments Are Barred By *Res Judicata***

NCSLT's standing was established when the First Lawsuit was reduced to judgment. If plaintiffs ever believed NCSLT lacked standing, plaintiffs' recourse was to appeal the judgment or timely seek relief under Ut. R. Civ. P. 60. Plaintiffs did neither.

Instead, nearly four years after judgment was entered against them in the First Lawsuit, plaintiffs brought this independent action purportedly under Ut. R. Civ. P. 60(b)(6) and 60(d). Neither provision applies.

Under Rule 60(b)(6), a party may be relieved from judgment for "any other reason that justifies relief." Courts should use Rule 60(b)(6) sparingly and cautiously:

> As "the residuary clause of rule 60(b)," subsection (6) embodies three requirements: "First, that the reason be one other than those listed in subdivisions (1) through ( [5] ); second, that the reason justify relief; and third, that the motion be made within a reasonable time." *Laub v. South Central Utah Tel. Ass'n*, 657 P.2d 1304, 1306–07 (Utah 1982). Moreover, rule 60(b)(6) "should be very cautiously and sparingly invoked by the Court only in unusual and exceptional instances." *Id.* at 1307–08.

*Elite Legacy Corp. v. Schvaneveldt*, 391 P.3d 222, 232 (Utah 2016) (emphasis added), *Kell v. State*, 2012 UT 25, ¶ 18 ("The remedies provided by rule 60(b) should not be understood to be a substitute for appeal.").

Here, plaintiffs contend NCSLT "fraudulently asserted" in the First Lawsuit that it had obtained ownership of the Loan. Amended Complaint, ¶ 51. As set forth by *Schvaneveldt*, this allegation by itself makes Rule 60(b)(6) inapplicable. Because Rule 60(b)(6) only applies to any "other" reason that justifies relief, it does *not* apply to any reasons set forth under subparts (1) through (5). Under Rule 60(b)(3), a party may move for relief from judgment for "fraud (whether previously called intrinsic or extrinsic),

3

misrepresentation or other misconduct of an opposing party." Plaintiffs' allegation clearly alleges fraud pursuant to Rule 60(b)(3), and therefore his demand for relief under Rule 60(b)(6) should be dismissed. *See C504750P LLC v. Baker*, 2017 UT App 36 (dismissing claim for relief under Rule 60(b)(6) where the plaintiff clearly sought relief under subsections (1) through (5)).[2]

Moreover, plaintiffs have not identified any outrageous or unusual circumstances that would give rise to relief under Rule 60(b)(6). *Brady v. Park*, 2019 UT 16, ¶ 110, 445 P.3d 395, 422 (dismissing a claim under Rule 60(b)(6) when the party did "not express any additional reasons in support of this last argument."). Plaintiffs simply argue that the assertion made by NCSLT to the court was untrue and the documents submitted did not, as a matter of law, establish assignment of the loan. Plaintiffs do not describe any unusual circumstances surrounding NCSLT's claims in the First Lawsuit. To the contrary, they are quite ordinary and the very issues plaintiffs had the opportunity to challenge at the time. Plaintiffs' claim for relief is not applicable to Ut. R. Civ. P. 60(b)(6). Instead, it has been litigated, reduced to judgment, and barred by *res judicata* and issue preclusion.

Plaintiffs' reliance on Ut. R. Civ. P. 60(d) is similarly misplaced. An independent action may be brought under Rule 60(d) to set aside a judgment "for fraud upon the court." Yet, again, NCSLT was transparent and forthcoming with the court in the original action, disclosing its ownership and providing supporting documents. Plaintiffs' attempt to

---

[2] A motion for relief under subpart (3) must be made within 90 days after the entry of the judgment. Ut. R. Civ. P. 60(c). Plaintiffs did *not* file for relief from judgment within 90 days after entry of the judgment.

4

challenge those representations now – by merely labeling them "fraudulent," without more -- is merely an attempt to relitigate the merits of NCSLT's collection claim in the First Lawsuit. The principles of *res judicata* and issue preclusion exist to prevent such attempts to relitigate adjudicated disputes. *See Park Lake Res. Ltd. Liab. v. U.S. Dep't Of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004) ("issue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim."); *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000) ("When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.") (*quoting Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

### 3. NCSLT Owns The Loan

The Motion details the assignment documents which establish plaintiff's loan was sold to NCSLT on March 8, 2007, as confirmed by documents from the original lender, Chase, that Mr. Taylor himself produced in discovery. Docket 97-1. Plaintiffs do *not* challenge what the documents provide, nor can they. Instead, plaintiffs urge the Court to disregard this proof because the custodian affidavit under which they have been submitted is allegedly flawed or inconsistent with discovery responses. Plaintiffs are wrong.

The "touchstone of admissibility under the business records exception to the hearsay rule is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence." *United States v. Langford*, 647 F.3d 1309, 1327 (11th Cir. 2011). To satisfy the exception, courts require that "it was the business practice of the recording entity to obtain such information from persons with personal knowledge and the business practice

5

of the proponent to maintain the records produced by the recording entity." *Lewis v. Residential Mortg. Sols.*, 800 F. App'x 830, 833 (11th Cir. 2020).

Mr. Luke, as an employee of NCO and then TSI since 2010, has worked on, been trained on, and has extensive knowledge of the NCSLT documents for which TSI is custodian of record. Plaintiffs have not submitted any evidence to the contrary. Accordingly, Mr. Luke is qualified to introduce the subject documents pursuant to Fed. R. Evid. 803.

Plaintiffs' argument that the affiant did not author the records himself or that he was not the "percipient witness" to Schedule 1 is misplaced. "Rule 803(6) only requires testimony by someone with knowledge about the record-keeping, not necessarily . . . someone with knowledge about how the reports were made or maintained," *United States v. Town of Colorado City*, 935 F.3d 804, 813–14 (9th Cir. 2019). A "qualified witness need not be the person who actually prepared the record," but instead is "simply one who can explain and be cross-examined concerning the manner in which the records are made and kept." *U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Jones*, 925 F.3d 534, 538 (1st Cir. 2019); *Callahan v. Pac. Cycle, Inc.*, 756 F. App'x 216, 226 (4th Cir. 2018) (the witness "need not have participated in the creation of the record or have even spoken to the individual who did create the document."). Moreover, multiple individuals were disclosed in relation to Schedule 1. The Pool Supplement, to which Schedule 1 was an attachment, was signed by multiple individuals. The Schedule 1 metadata produced on September 27, 2019, identified the author of the file. Plaintiffs could have sought the deposition of any of those individuals who were, by definition, witnesses to that document,

6

but chose not to.

## **CONCLUSION**

For the foregoing reasons, Defendants ask this Court grant the Motion for Summary Judgment and dismiss plaintiffs' claims in their entirety with prejudice and award Defendants all appropriate relief.

Dated:  June 24, 2020                       Respectfully submitted,

*/s/_Michael D. Alltmont*_____
Michael D. Alltmont (admitted pro hac)
Sessions, Fishman, Nathan, & Israel
3850 N. Causeway Blvd., Ste. 200
Metairie, La. 70002
Telephone: 504-846-7954
Facsimile: 504-828-3737

George W. Burbidge II, Esq.
Christensen & Jensen, P.C.
275 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone:  (801) 524-9380
Facsimile:  (801) 355-3472

Attorneys for Defendants,
National Collegiate Student Loan Trust
2007-1, EGS Financial Care, Inc., f/k/a
NCO Financial Systems, Inc. and
Transworld Systems, Inc.

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 24, 2020, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the District of Utah and served via CM/ECF to all counsel of record.

Ronald Ady, Esq.
Debt Defense Utah
8 E. Broadway, Ste 725
Salt Lake City, UT  84111

               */s/_Michael D. Alltmont_____*

                   Attorney

**WORD COUNT CERTIFICATE**

  I hereby certify that this document contains 1,736 in its entirety.

               */s/_Michael D. Alltmont_____*

                   Attorney